BROUSSARD et al. v. LAKE OIL CO. et al.
(No. 1178—5167.)

Commission of Appeals of Texas, Section A.
Feb. 13, 1929.

A. D. Lipscomb, of Beaumont, for plaintiffs in error.

G. P. Dougherty and J. A. McNair both of Houston, T. L. Foster, of Dallas, Beeman Strong, of Beaumont, Joiner Cartwright, of Dallas, and C. A. Toler, R. E. Masterson, F. J. & C. T. Duff, and Gordon, Lawhon, Davidson & Sharfstein, all of Beaumont, for defendants in error.

NICKELS, J. May 11, 1917, in a cause then pending, Broussard, Beaumont Irrigating Company (a corporation), and Neches Canal Company (a corporation), plaintiffs, filed a pleading reproducing the averments of their original petition and making new parties defendant.

Therein was alleged: (a) The fresh-water character of Pine Island Bayou and suitability of its waters for irrigation of riparian and other lands productive of (or capable of producing) rice; (b) lawful appropriation of such waters by and purpose and desire of such corporations to transport same to their own (riparian, etc.) lands and lands of others (including Broussard) for such irrigation, and purpose and desire of Broussard (and others) to have such waters thus transported and used; (c) past, then present, and proposed pollution of the waters of the stream by defendants (Lake Oil Company and many others) through introduction of waters (from oil wells, etc.) containing large quantities of salt and other substances poisonous to rice, etc., into the bayou, to the great actual and threatened (irreparable) injury of plaintiffs.

Relief as prayed included: (a) "Permanent injunction" against further pollution of the waters of Pine Island Bayou; (b) "forthwith" order restraining defendants from acts of pollution; (c) general and special relief.

Upon the pleading relief as prayed was granted pending "further orders." There-

after, and on July 11, 1917, an order was entered, reciting, amongst other things: (a) It had been made to "appear to the court that the parties plaintiff and defendant had agreed that the writ of injunction theretofore issued might be amended, etc., so as that (b) certain of defendants be restrained from such acts of pollution "at any time between that date and the 1st of September, A. D. 1917," and "between the 1st day of February and the 1st day of September of each year thereafter," and so as that (c) all other defendants be restrained throughout each year, but that (d) the court should "retain jurisdiction" of the cause, with the "right at any time to change, alter, modify, suspend, or dissolve this injunction, or extend or enlarge the time within which this restraining order is to be in force and effect," and decreeing in harmony with the agreement, etc.

May 20, 1925, Broussard and Beaumont Irrigating Company filed a pleading restating, in substance, the averments of former pleadings, and making new parties defendant, and "setting up new matters occurring since this litigation begun," inclusive (a) of permanent injury to their lands (riparian, etc.) ; and (b) persistence of injuries to crops and lands, notwithstanding restriction of pollution theretofore made. Therein it was prayed. That the "orders hereinbefore made * * * be set aside or modified to the ex tent that" defendants be restrained "from ever at any time turning any impure water into the watershed of Pine Island Bayou until further orders of this court" ; that, "upon final hearing, such injunction * * * be made permanent" ; and that, upon "final hearing, * * * plaintiffs * * * recover * * * for damages in the amount of $200,000," costs, etc.

After hearing it was decreed "that the plaintiffs' prayer for injunctive relief" ("as contained" in the pleading last mentioned) "should be and the same is hereby refused, and it is further ordered that the court continue to control the salt water situation as it has heretofore done, and in accordance with" the order of July 11, 1917, "and that said agreed decree" (i. e., order of July 11, 1917) remain in full force and effect in all respects, and the court hereby retains jurisdiction of this case for such future action as to it may seem right and proper, etc.

Broussard and Beaumont Irrigating Company appealed. The order was held nonappealable, and dismissal followed. 3 S.W.(2d) 103. That appeal lay in the claim upon which writ of error was allowed.

■ 1. Viewed as a judgment, the court's action on July 11, 1917, had these consequences: (a) Part of the relief asked was accorded plaintiffs, and part was denied. (b) The grant and the denial were interlocutory. Pending ultimate trial there remained juris-

diction to revoke the grant in whole or part, or to enlarge it, so as to take in the whole or parts of what had been denied.

2. Viewed as evidence of a contract, the order of July 11, 1917, leaves open for future determination the same matters which are left open by the order when viewed as a judgment, for it stipulates for reconsideration and such action "as may be deemed proper and best to meet the facts and exigencies at the time."

3. And whether (on final determination of the controversy and as affecting the rights of the parties) it is to be regarded strictly as an order of the court, or strictly as evidence of an agreement, or as having characteristics of both, the order of July 11, 1917, must be viewed, for present purposes, as being judicial denial of injunctive relief (then prayed) in respect to pollution within the excepted periods.

4. In one substantial part, if not in whole, Broussard et al. later made application for relief, pendente lite, touching the alleged conduct (continued, but with results said to have been unexpected on July 11, 1917) in respect to which relief had been previously denied. Thereby existent jurisdiction was invoked, and in the order of March 21, 1927, it was used to refuse "plaintiffs' prayer for injunctive relief." Hence the order was appealable. Article 4662, R. S. 1925.

■ 5. Defendants in error presented in the Court of Civil Appeals grounds for dismissal (i. e., lack of jurisdiction of the trial court, a moot character for the supposed controversy at time of the last order, and a final character for the order of July 11, 1917) which were not sustained. We have examined the questions thus presented (cf. Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 239 S. W. 185), and, in our opinion, they are not relevant to the matter of jurisdiction vel non of the Court of Civil Appeals. Those questions have relation to the manner or propriety of exercise of jurisdiction, rather than to jurisdiction (of the Court of Civil Appeals) itself.

6. Whether error was committed in making the order is a question which was not considered or determined by the Court of Civil Appeals. Because of this, and because in our opinion that court acquired jurisdiction, we recommend that its judgment be reversed, and that the cause be remanded to the Court of Civil Appeals for disposition of such matters as may be presented.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and cause remanded to the Court of Civil Appeals for further consideration, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.