**BLOOMFIELD ROYALTY CORPORATION, Appellant,**

v.

**CARCO INVESTMENTS, INC., Appellee.**

**No. 171.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 20, 1968.

Rehearing Denied Dec. 18, 1968.

Van E. Wittner, Engel, Groom, Miglicco & Sullins, Houston, for appellant.

Alton F. Curry, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Lawrence E. Steinberg, Whitener, Price, Lewis & Steinberg, Dallas, for appellee.

SAM D. JOHNSON, Justice.

Carco Investments, Inc. acquired 393,200 shares of stock in Bloomfield Royalty Corporation. Bloomfield refused to transfer such stock on the basis that Carco was not a bona fide holder of such stock. Carco, the appellee, then brought suit to compel Bloomfield, the appellant, and its transfer agent, to register the stock allegedly purchased and to issue new certificates therefor. In so doing appellee prayed for a writ

of mandamus and/or temporary injunction and/or mandatory injunction compelling the transfer of said stock.

In addition and as a further part of the instant suit, appellee claimed and prayed as follows: (1) to recover from Bloomfield and from certain of its officers and directors damages which were allegedly suffered because of their failure to register and transfer such stock; (2) to enjoin Bloomfield from paying corporate funds to its attorneys in this action and for the return of any such funds that had been previously paid; (3) to recover damages and attorney's fees in behalf of all stockholders in a derivative action from the officers and directors of Bloomfield, and (4) to recover exemplary and punitive damages.

The hearing on the application for a writ of mandamus and a temporary injunction was heard by the court. Thereafter the trial court granted the writ of mandamus and temporary injunction directing appellant Bloomfield and its transfer agent to register the stock and to issue new certificates therefor in the name of the appellee, Carco. The order was not superseded and no request therefor was made.

■ We are of the opinion that this appeal must be dismissed. The order of the trial court concerning the writ of mandamus is interlocutory and, therefore, is not appealable until a final judgment has been rendered.

■ "A final judgment of a district court awarding a peremptory writ of mandamus is appealable, but a mere interlocutory order is not. Thus, an order of a district court, granting a writ as a mere ancillary process in a pending suit, is not a final judgment from which an appeal will lie." 37 Tex.Jur.2d, Mandamus, Sec. 116. A final judgment is one which disposes of all issues and parties to the controversy so that no future action by the court will be necessary in order to settle and determine the entire controversy. See 4 McDonald

Texas Civil Practice, pp. 1306–1314. The order of the court in the instant case was merely an ancillary process in the pending suit and was not a final judgment therein. The court's order was not a final judgment in that it did not dispose of the matters of issues that were before the court. These are still pending on the docket of the court awaiting trial.

■ Mandamus is a civil suit and is controlled and limited as an independent suit by the Rules of Civil Procedure applicable to other civil suits and where a writ of mandamus issued by the district court is issued as an ancillary process to a pending suit in aid of the jurisdiction of the court, the order is not a final judgment. Montague County v. White, 250 S. W. 736 (Tex.Civ.App.1923), no writ hist.

■ The right to appeal from an interlocutory order in an injunction case is purely statutory and embraces only the order provided for in the statutes and rules. Beaumont Irrigating Co. v. Lake Oil Co., Tex.Civ.App., 3 S.W.2d 103, rev'd on other grounds, Broussard v. Lake Oil Co., Tex. Com.App., 13 S.W.2d 677. See also 31 Tex.Jur.2d, Injunctions, Sec. 206. An accompanying nonappealable interlocutory order is not made appealable by the fact that an appeal properly lies from an interlocutory injunction order. Hastings Oil Co. v. Texas Co., 234 S.W.2d 389 (Tex.Sup.); Zanes v. Mercantile Bank & Trust Co. of Texas, 49 S.W.2d 922, err. ref.; Magnolia Petroleum Co. v. State, 218 S.W.2d 855, ref., n. r. e.

■ An appeal from an order granting or refusing a temporary injunction may not be used as a vehicle by which to convey to the appellate court for review other interlocutory orders which are not appealable. See 6 Texas Practice, Lowe and Archer, Sec. 363 and cases there cited.

For the reasons stated we are of the opinion that this appeal must be dismissed.