**Bessie JERNIGAN et al., Appellants,**

**v.**

**Vivian JERNIGAN et al., Appellees.**

**No. 7242.**

Court of Civil Appeals of Texas, Beaumont.

May 13, 1971.

Rehearing Denied June 3, 1971.

Will A. Morris, Jr., Charles W. Trueheart, San Antonio, Edwin H. White, Rocksprings, for appellant.

Claude H. Gilmer, Rocksprings, Taylor Nichols, Uvalde, Gaynor Kendall, Austin, for appellee.

KEITH, Justice.

We review interlocutory appeals from the District Court of Uvalde County granting a temporary injunction and denying pleas of privilege. Because of the involved nature of the litigation, an extensive statement of the underlying fact structure is required.

*Statement of Case*

Our appellant, Bessie Jernigan, brought this suit in Uvalde County, alleging that she was the surviving widow of Neal G. Jernigan, deceased, who died in 1957. She named as parties defendant Vivian Jernigan, individually and as independent executrix of the estate of Neal G. Jernigan, and four individuals alleged to be the "children and heirs at law of said deceased." Because of the common surname, we will speak of the original plaintiff as "Bessie", the primary defendant as "Vivian", and the decedent as "Neal".

Bessie alleged that she and Neal were lawfully married in 1914 and "were never legally divorced and said marriage was dissolved by the death of said deceased [Neal] as aforesaid." She sought to avoid the legal effect of a separation agreement entered into with Neal in 1931, and contended that all of the property owned by Neal at the time of his death in 1957 was the community property acquired during their marriage. According to her allegations, this community property included the Walcott Ranch in Uvalde County, purchased in 1957, as well as many items of personal property, including cash, bonds, livestock, etc., alleged to be situated in Uvalde County. She included elaborate allegations to the effect that the separation agreement was void and of no effect and contended that she is "entitled to have said so-called [separation] agreement cancelled, set aside and held for naught and removed as a cloud from plaintiff's title to the real and personal property here in suit."

Further allegations were to the effect that Vivian had qualified as independent executrix of Neal's estate and that she and the other original defendants, who were children of Neal, "controvert the title and rights of plaintiff herein asserted and sued for." She estimated the value of the land and personal property "here in suit" was in excess of $300,000.00.

Two additional defendants were named in an amended pleading filed by Bessie, and

apparently they filed pleas of privilege along with Vivian. However, these pleas of privilege were waived and Vivian and the two added defendants answered to the merits. The other four original defendants appeared generally, although none were alleged to be residents of Uvalde County.

Vivian's answer to the merits was also elaborate but it is sufficient to say that she too claimed to be Neal's widow, and she tendered many legal and equitable defenses by her pleading. She attached to her answer certified copies of probate proceedings from Edwards County, showing her to be the duly qualified and acting independent executrix of Neal's estate. Vivian's amended pleadings also contained a cross-action against Bessie, two of the original defendants, and a third party complaint against one Hearnsberger. She alleged that Bessie and certain of the other defendants were wrongfully and illegally in possession of thousands of acres of land, most of which was situated in Edwards County, in addition to that described in Bessie's pleading which was located in Uvalde County; that said cross-defendants were abusing said lands by over-grazing the same to her irreparable injury and damage for which she had no clear, complete, and adequate remedy at law, etc. Further allegations were to the effect that Bessie, et al, were about to make and enter into hunting leases with Hearnsberger upon some of the lands, but the location thereof is not set out with particularity.

In her cross-action, Vivian sought appropriate orders requiring the cross-defendants "to cease and desist placing livestock on such premises, and a mandatory injunction * * * to remove all of their livestock * * * [and] from making * * * any commercial hunting lease or leases with Walter Hearnsberger or any other person or persons." She also sought, on final hearing, damages and "possession of such premises," as well as general relief.

Bessie, along with her other cross-defendants and the third-party defendant, all

filed their pleas of privilege to be sued in the county of their domicile—the Jernigan cross-defendants alleged themselves to be residents of Edwards County and Hearnsberger of Nacogdoches County. In addition, all except Hearnsberger filed elaborate pleas to the jurisdiction of the court, asserting: (a) the injunctive aspect of the case should have been returnable to Edwards County under the provisions of Article 4656, Vernon's Ann.Civ.St., which court was alleged to have the sole jurisdiction thereof; and, (b) the pendency of prior litigation begun by Vivian in Edwards County in Cause No. 2399, and a suit brought by Bessie against Vivian in Edwards County, No. 2409. The Edwards County litigation (copies of the pleadings therein being attached to the answers) was alleged to involve the same Edwards County lands mentioned in Vivian's cross-action, an identity of the parties, and of the subject matter of the pending litigation. At a later time, the cross-defendants pleaded that Vivian's cross-action was an effort to thwart the jurisdiction of the District Court of Edwards County "in order to fraudulently try to claim venue and jurisdiction [in Uvalde County] as to each and all of the lands in Edwards County."

Vivian filed what is denominated in our record as a "controverting affidavit" wherein she denied that Article 1995, § 14 was applicable, and she incorporated therein her amended answer and cross-action by reference. She swore to this instrument and claimed that § 14 was inapplicable, saying:

"* * * for the reason that the parties and the cause of action as regards said lands in Edwards County and the lands in Uvalde County are identical, and further in this connection cross-plaintiff shows that this Cause, No. 9,882, was filed prior to the said suits in Edwards County, and this Court, therefore, has prior exclusive jurisdiction, and the orders and all proceedings in the subsequent suits in Edwards County are void because the District Court of Edwards County did not acquire any jurisdiction in such proceeding, and cross-plaintiff says that no exception to exclusive venue in County of one's residence provided by law exists in this cause."

At the conclusion of the single hearing, the trial court entered one order which: (a) overruled and denied the several pleas of privilege filed by the cross-defendants and the third-party defendant; (b) overruled the jurisdictional plea based upon Article 4656, V.A.C.S.; (c) overruled the pleas to the jurisdiction because of the pendency of the Edwards County litigation; (d) continued in effect a prior restraining order issued in the *Edwards County litigation* which prohibited Vivian from "disturbing the status quo with regard to possession" of Bessie or "doing or permitting any act to be done which would in any wise affect or defeat the jurisdiction of said District Court of Edwards County" therein; (e) restraining the cross-defendants, Bessie, et al, from making any hunting leases to the third-party defendant, Hearnsberger, or any other person, and directing Vivian to make hunting leases on the Edwards County lands, but ordering her to escrow the money in a bank to abide the final decision; and, (f) denied Vivian's prayer for further injunctive relief.

Bessie gave notice of appeal as to our subdivisions (a), (b), and (e) and has perfected an appeal as to (a) and (e).

Although we have an extremely lengthy transcript in which the pleadings in three separate district court suits in two counties are intermingled indiscriminately as exhibits, etc., there was very little oral evidence introduced upon the trial. The only witness who testified was the accountant who had prepared the estate tax returns which Vivian used in the administration of the estate of Neal. For whatever it was worth, he did establish that she had paid many thousands of dollars in federal taxes and was even then confronted with a deficiency assessment amounting to more than $150,000.00.

By stipulation of counsel, it was established that none of the parties, in whatever capacity they appeared, were residents of Uvalde County; that all of the land involved, except the Walcott Ranch, was situated in Edwards County; but, our record discloses that this suit filed by Bessie in Uvalde County was the first district court litigation between the parties, the two suits in Edwards County having been filed after Bessie had first invoked the jurisdiction of the District Court of Uvalde County.

This lengthy preliminary statement has been made so as to place the issues which we face into proper focus; and, at the outset, we remind all of the parties that no facet of the merits of the controversy is before us. We pause here to eliminate those issues upon which we express no opinion, namely: (a) the validity or invalidity, vel non, of the separation agreement between Bessie and Neal; (b) the nature of the claim, if any, of Bessie to the property listed by Vivian as part of Neal's estate; (c) the nature of the claim, if any, of Vivian to the property claimed to be a part of Neal's estate; (d) the scope, effect, and validity of any temporary injunction orders issued out of the District Court of *Edwards County*, mentioned previously in our résumé of the order entered herein; and, (e) the applicability, if it is applicable, of the provisions of Article 3716, V.A.C.S., the "Deadman's Statute."

Instead, we confine our opinion to the two matters which are before us: (a) venue of the District Court of Uvalde County; and, (b) the validity of the temporary injunction prohibiting Bessie, et al, from executing hunting leases upon the lands and permitting Vivian to do so, but requiring her to place the proceeds in escrow.

*Opinion*

In our consideration of the matters properly before us, we do not reach the contentions advanced by appellants that the trial court erred in assuming to exercise *jurisdiction* of the controversy because of the pendency of the litigation in Edwards County. While this court has jurisdiction to review the dual appeals presented, such does not include the power to review the action of the trial court in overruling appellants' pleas in abatement based upon the pendency of litigation elsewhere. One of our appeals, relating to the injunctive aspect of the case, is authorized by Article 4662, V.A.C.S., upon compliance with Rules of Civil Procedure, Rule 385. The other, relating to venue, is properly before us under the provisions of Article 2008, V.A.C.S, again upon compliance with Rule 385. But neither statute nor the applicable rule permits us to review accompanying nonappealable orders. The authorities are reviewed in Bloomfield Royalty Corp. v. Carco Investments, Inc., 435 S.W.2d 178, 180 (Tex.Civ.App.—Houston, 14th, 1968, error ref. n. r. e.), from which this quotation is taken:

"The right to appeal from an interlocutory order in an injunction case is purely statutory and embraces only the order provided for in the statutes and rules. Beaumont Irrigating Co. v. Lake Oil Co., Tex.Civ.App., 3 S.W.2d 103, rev'd on other grounds, Broussard v. Lake Oil Co., Tex.Com.App., 13 S.W.2d 677. See also 31 Tex.Jur.2d, Injunctions, Sec. 206. An accompanying nonappealable interlocutory order is not made appealable by the fact that an appeal properly lies from an interlocutory injunction order. Hastings Oil Co. v. Texas Co., 149 Tex. 416, 234 S.W.2d 389; Zanes v. Mercantile Bank & Trust Co. of Texas, 49 S.W.2d 922, err. ref.; Magnolia Petroleum Co. v. State, 218 S.W.2d 855, ref., n. r. e.

"An appeal from an order granting or refusing a temporary injunction may not be used as a vehicle by which to convey to the appellate court for review other interlocutory orders which are not appealable. See 6 Texas Practice, Lowe and Archer, Sec. 363 and cases there cited."

Appellants also contend that because Vivian has participated in the Edwards

County litigation, both as a plaintiff and as a defendant, she is now estopped from asserting that the District Court of Uvalde County, which first acquired jurisdiction of any part of the controversy, may assert its active jurisdiction over the Edwards County lands mentioned in her cross-action. Appellants call to our attention, in this connection, the case of V. D. Anderson Co. v. Young, 128 Tex. 631, 101 S.W.2d 798, 800 (1937). The authorities which preclude our consideration of the trial court's ruling upon appellants' pleas in abatement are also dispositive of the estoppel question now presented.

In considering the questions in the posture of the case as it reaches us, we turn first to a discussion of the jurisdiction of the District Court of Uvalde County over the lands in Edwards County first mentioned in Vivian's cross-action and to the venue thereof. The two questions are discussed in 2 McDonald, Texas Civil Practice (1965 Rev. Ed.), § 4.02, p. 410, wherein the author says:

> " 'Jurisdiction' deals with the *power* of a court to determine an action involving a particular subject matter as between the parties and to render a certain judgment. 'Venue' deals with the propriety of prosecuting a suit involving a given subject matter and specific parties in a particular county. Conceptually, the principal distinction is that the parties cannot waive a lack of jurisdiction of the subject matter, but either may waive a rule of venue favorable to himself." (Emphasis in text.)

█ It is likewise clear that the requirement of Subdivision 14, Article 1995, V.A.C.S., that suit for the recovery of land must be brought in the county in which the land, or a part thereof, may lie, "is not ju-risdictional in the sense that it may not be waived." South Texas Development Co. v. Williams, 130 Tex. 217, 107 S.W.2d 378, 379 (1937); Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65, 70 (1942).

Under our record, Bessie was the first to bring suit in a district court, wherein the validity of the separation agreement was placed in issue. Her interest in the Walcott Ranch situated in Uvalde County and the other ranches located in Edwards County was dependent entirely upon her success in setting aside the separation agreement. Nor, could she prevail in her claim to any part of the personal property which she mentioned in the Uvalde County suit except after she had established the invalidity of the separation agreement. Unquestionably, the District Court of Uvalde County had jurisdiction and venue of the Uvalde County lands included in Bessie's original suit, and we do not understand counsel to contend otherwise.

Since the venue right conferred by *Subdivision 14* can be waived, we consider whether or not Bessie's suit in Uvalde County amounted to such a waiver. The seminal case on the subject, although not involving lands is that of Zachry v. Robertson, 147 Tex. 307, 214 S.W.2d 949, 952 (1948), wherein the court said:

> "When the plaintiff instituted this suit in Tarrant County he submitted himself to the jurisdiction of the District Court of Tarrant County as to all matters arising out of or incidental to the subject matter of the suit, and thereby waived his right to be sued in the county of his domicile in a cross-action arising out of such cause of action." [Citations omitted.]*

See also, Skidmore v. Cook, 417 S.W.2d 79, 80 (Tex.Civ.App.—San Antonio, 1967, er-

---

\* In passing upon the question, we do not base our decision upon the provisions of Rule 97 relating to counterclaims and crossclaims. Under the express provisions of Rule 816, the rules of civil procedure cannot "be construed to extend or limit the jurisdiction of the courts of the State of Texas nor the venue of actions therein." See also, Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969, 972 (1951); Moody Day Co. v. Westview National Bank, Waco, 441 S.W.2d 294, 297 (Tex.Civ.App.—Waco, 1969, error dism.).

ror dism.), where the later authorities are listed.

Appellants place much reliance upon the opinion in Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69, 73 (1945), for the proposition that Vivian could not maintain venue in Uvalde County as to the lands situated in Edwards County. It is clear in our record, from a consideration of the pleadings of both parties, that the several tracts of land were acquired upon different dates, are in different surveys, are widely separated in location, and there is, of course, no showing of a common chain of title thereto from the sovereignty of the soil. We are cited to this language from *Cowden* (186 S.W.2d at p. 73):

"Therefore, although appellant is entitled to maintain this suit in Midland county as to the land lying in that county, he cannot, by joining therewith a claim to land lying in Ector county, invoke exception 14 to deprive appellee of her right under Art. 1995, supra, to be sued in the county of her residence as to such other land when the two tracts are wholly independent of each other both as to physical connection and as to title. Certainly neither of the tracts could reasonably be said to be a 'part' of the other. Of course, appellant could have filed suit in Ector county as to the land lying in that county, but he did not elect to do so. He chose Midland county and if he cannot maintain it in that forum under exception 14, the general rule announced in Art. 1995 fixes the forum for him. Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65, and authorities there cited."

There appears, however, to be a well-defined exception carved out of the broad language just quoted from *Cowden*, it being found in Lindsey v. Stuart, 317 S.W.2d 796, 799 (Tex.Civ.App.—Beaumont, 1958, no writ):

"We, ourselves, construe the cases as meaning that where a suit to recover two or more separate tracts of land that are situated in different counties is brought in the county in which one of the tracts is situated venue as to all of the tracts of land lies in the county of suit, provided that the parties to the suit are the same with reference to each and all of the tracts and that as between the parties themselves the same facts are determinative of title to each and all of the tracts. And it is by this standard that we shall appraise the record that is before us."

Accord: Cox v. Dansby, 454 S.W.2d 241, 243 (Tex.Civ.App.—Tyler, 1970, error dism.).

■ Under the rationale of Lindsey v. Stuart, supra, we are of the opinion that venue as to all of the lands mentioned in Vivian's cross-action was properly laid in Uvalde County, Texas. So holding, Bessie's points challenging the trial court's ruling upon her plea of privilege are all overruled.

■ Appellants' points contending that it was error for the trial court to overrule their pleas of privilege to be sued in Edwards County because of the provisions of Article 4656, V.A.C.S., are also overruled. In Ex parte Coffee, 160 Tex. 224, 328 S.W.2d 283, 287 (1959), the court said:

"It is settled that Art. 4656 only applies to and governs the issuance and return of writs and trial in cases in which the relief sought is purely or primarily injunctive. Southwest Weather Research, Inc. v. Jones, 160 Tex. 104, 327 S.W.2d 417; Brown v. Gulf Television Co., 157 Tex. 607, 306 S.W.2d 706, * * *."

The two main parties at interest, Bessie and Vivian, are litigating over the validity, vel non, of the separation agreement. Vivian's prayer for an injunction to restrain execution of a hunting lease upon a part of the property involved in the suit was "merely ancillary to a judgment awarding a recovery of lands or quieting the title thereto." Brown v. Gulf Television Co., 157 Tex. 607, 306 S.W.2d 706, 708 (1957). Since we have held that venue was properly maintained in Uvalde County, the provisions of Article 4656 did not require its

transfer to Edwards County. Furthermore, because of our action in reversing the part of the judgment granting the temporary injunction, the point loses much of its efficacy.

■ Our holding with reference to venue as to the original parties to the Uvalde County litigation is not applicable, however, to the appellant, Hearnsberger. He was a third-party defendant therein and our record does not show that he was a party to any prior proceedings. His plea of privilege was regular upon its face and Vivian's "controverting affidavit" (summarized previously, ante p. 624) was insufficient to maintain venue as to Hearnsberger. Furthermore, Vivian's proof offered upon the trial of the cause was insufficient to maintain venue of her claim in the face of the plea of privilege. It follows, therefore, that we sustain the points brought forward by appellant, Hearnsberger. The judgment of the trial court overruling Hearnsberger's plea of privilege to be sued in Nacogdoches County is reversed and the cause is hereby remanded to the District Court of Uvalde County, with instructions to transfer the cause, insofar as it relates to the third-party defendant, Hearnsberger, only, to the District Court of Nacogdoches County, Texas.

Appellants, by appropriate points, challenge the order granting the temporary injunction requested by Vivian. Among the complaints urged are: (a) there was no evidence introduced upon the hearing which would warrant the issuance of an injunction; and, (b) the order granting the injunction did not require a bond.

■ It is clear that a temporary injunction, in the absence of agreement to the contrary, must be supported by evidence introduced upon the hearing on the application for its issuance. Millwrights Loc. Union No. 2484 v. Rust Engineering Co., 433 S.W.2d 683, 687 (Tex.Sup., 1968). None was offered in our case and there was no waiver of proof.

The order granting the temporary injunction, from which our appeal is taken, did not require a bond as a condition precedent to the issuance of the writ, nor did it make any reference to the bond theretofore filed in connection with the order granting an ex parte temporary restraining order. After submission of the cause, we permitted the filing of a supplemental transcript wherein it is shown that the order granting the temporary restraining order required Vivian to file a bond before the writ would issue and a copy of the bond filed pursuant thereto is also brought forward.

■ It is settled law in this state that a temporary injunction issued without a bond is void. Rule 684; Lancaster v. Lancaster, 155 Tex. 528, 291 S.W.2d 303, 308 (1956); Ex parté Coffee, supra, 328 S.W.2d at p. 291.

We recognize that under certain circumstances a bond given in compliance with an order granting a temporary restraining order may be extended to cover the requirement of a bond under an order granting a temporary injunction. Ex parte Coffee, supra, presented such a situation. There the attack was collateral, not direct as we have here, and the court said:

"In granting a writ of temporary injunction upon expiration of the restraining order, the trial court should have required a new bond with new contractual obligations, but we know of no reason why, *with the signers of a restraining order bond before it and agreeing*, the court could not extend the bond and the second obligation of its signers to comply with Rule 684. There is nothing in the record before us to show that that did not occur. In support of the validity of the court's order and the writ we will presume it did occur." (328 S.W.2d at p. 292, emphasis ours)

■ In Oil Field Haulers Ass'n v. Railroad Commission, 381 S.W.2d 183, 190 (Tex.Sup., 1964), although the attack was direct and not collateral, the court follow-

ed *Coffee*, supra. In the latter case, a bond was required in the order granting the temporary injunction and one was filed, although it was defective. Neither of the cases is dispositive here since the order granting the temporary injunction in our case did not require a bond and none was filed. Under these circumstances, we follow the rule announced in *Lancaster*, supra, 291 S.W.2d at p. 308.

The trial court erred in granting the temporary injunction, and the judgment is reversed and said temporary injunction is now dissolved.

Affirmed in part; in part reversed and remanded with instructions; and the temporary injunction is dissolved. Hearnsberger shall recover of the appellee all costs incurred; but, all remaining costs are assessed against the appellants (except Hearnsberger) and the appellee equally.