**Wallinda Gray RANKIN, Appellant,**

v.

**Ralph D. GRAY, Appellee.**

**No. 6096.**

Court of Civil Appeals of Texas, Waco.

July 5, 1979.

Rehearing Denied Aug. 2, 1979.

**540**

William B. Ray, Copperas Cove, for appellant.

Jerry B. Donaldson, Byron L. McClellan, Jr., Donaldson & McClellan, Copperas Cove, for appellee.

HALL, Justice.

This suit began as a habeas corpus proceeding brought by the father against the mother for possession of their two children, under the provisions of V.T.C.A. Family Code § 14.10. The mother filed a cross action for custody. Judgment was rendered in favor of the father. The mother appeals. We reverse the judgment and remand the case for further proceedings.

§ 14.10 of the Family Code provides as follows:

"§ 14.10. Habeas Corpus

(a) If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order.

(b) The court shall disregard any cross action or motion pending for modification of the decree determining managing conservatorship, possession, or support of or access to the child unless it finds that:

(1) the previous order was granted by a court that did not have jurisdiction of the parties; or

(2) the child has not been in the relator's possession and control for at least 6 months immediately preceding the filing of the petition for the writ.

(c) The court may issue any appropriate temporary order if there is a serious immediate question concerning the welfare of the child.

(d) While in this state for the sole purpose of compelling the return of a child through a habeas corpus proceeding, the relator is not amenable to civil process and is not subject to the jurisdiction of any civil court except the court in which the writ is pending and in that court only for the purpose of prosecuting the writ.

(e) If the right to possession of a child is not governed by a court order, the court in a habeas corpus proceeding involving the right of possession of the child shall compel return of the child to the relator if, and only if, it finds that the relator has a superior right to possession of the child by virtue of the rights, privileges, duties, and powers of a parent as set forth in Section 12.04 of this code.

(f) The court shall disregard any motion for temporary or permanent adjudication relating to the possession of the child in a habeas corpus proceeding brought under Subsection (e) of this section unless at the time of the hearing an action is pending under this subtitle, in which case the court may proceed to issue any temporary order as provided by Section 11.11 of this code."

The facts are undisputed. Appellant-mother Wallinda Gray Rankin and appellee-father Ralph D. Gray were divorced by judgment of the Superior Court of Coos County, New Hampshire, on February 14, 1978. The custody of their two children, a son born in 1970 and a daughter born in 1972, was awarded to appellant. Appellee was ordered to pay child support, and he complied with the order. Prior to the divorce the parties resided with the children in New Hampshire. It was provided in the divorce decree that in the event appellant moved from New Hampshire appellee would have the right to have the children visit with him in New Hampshire for a reasonable period of time during their school vacations in the summers. Appellant moved with the children to the City of Copperas Cove, Coryell County, Texas, in February, 1978, where they have resided continuously since that time. Appellant has

remarried, and she and her husband and the children live together. Her husband is in the United States Army, and he is seeking to be permanently stationed in Coryell County. Appellee resides in New Hampshire with a woman not his wife, and her two children.

In June or July, 1978, appellee contacted appellant by telephone and expressed the desire to exercise his visitation right with the children. After talking with the children, appellant refused to permit appellee visitation in New Hampshire, asserting that notice to the children of their impending visit with appellee, there, had resulted in bed-wetting and crying by the children. Her offer to let appellee visit with the children in Texas was declined by appellee.

In October, 1978, appellee petitioned the Court in New Hampshire which granted the divorce for an order modifying the original decree to change custody of the children to him. Appellant was served in Coryell County, Texas, with citation in that proceeding, but she did not answer the suit and did not make any appearance in it. On November 9, 1978, the New Hampshire Court amended the original decree and awarded custody of the children to appellee. He then ceased paying child support. Appellant learned of the amended order in January, 1979, when she contacted court personnel in New Hampshire concerning the support payments.

On March 6, 1979, appellee initiated the present suit in the District Court of Coryell County, Texas, by way of a petition for writ of habeas corpus to secure custody of the children from appellant. Appellee pleaded the order of the New Hampshire Court vesting custody in him. The matter was set for hearing on March 15th. Appellant was served with citation on March 13th. On the day set for the hearing appellant answered the petition for writ of habeas corpus and alleged the court in New Hampshire did not have jurisdiction to modify the original custody order. Also, prior to the hearing on the writ, appellant filed a cross action for modification of the order of the New Hampshire Court vesting custody in appel-

lee in which she alleged that the children had resided with her in Texas continuously since February, 1978; that it was in the best interest of the children that their custody be awarded to her; and that the court had jurisdiction of the cross action under the provisions of Texas Family Code § 14.-10(b)(2). She also pleaded for the court to order "a social study to determine the environment of both households seeking conservatorship."

After a hearing without a jury on March 15th, final judgment was signed by the court on May 9, 1979, ordering appellant to deliver the children and their possessions to appellee on June 14th. Formal findings of fact and conclusions of law were not requested by the parties nor filed by the court. However, in the judgment the court set forth the conclusions that the modification order of the New Hampshire Court was entitled to full faith and credit and that appellee was entitled to possession of the children as a matter of law.

Among other arguments for reversal, appellant contends the court erred in refusing to consider and permit proof of her cross action for custody. We agree.

It is clear from the record and the final judgment in the case that the trial court refused to hear appellant's cross action for custody, and that the issues of fitness of the parents and the best interests of the children relating to the question of custody were not considered by the court. It is equally clear from the record the court based the judgment on one of these two theories: (1) The provisions of § 14.10(b)(2) were not applicable under the facts and it therefore did not have jurisdiction to consider the cross action; or (2) if the terms of § 14.10(b)(2) were triggered under the record, the consideration or not of appellant's cross action was discretionary with the court. Appellee urges those theories for affirmance of the judgment.

■ It is our view the court had jurisdiction of the cross action, and that it erred in refusing to hear it. § 14.10(b)(2) provides that in a habeas corpus proceeding like this one where the relator is entitled to custody

or possession of the child by virtue of a court order, the court shall disregard a cross action for custody or possession *unless* it finds the child has not been in the relator's possession and control *for at least six months immediately preceding the filing of the petition for the writ.* Our record shows without contradiction that during the six months immediately preceding the filing of appellee's petition for writ of habeas corpus on March 6, 1979, the children in question had been physically present in Texas with appellant and had not been in appellee's possession and control. Appellee's lack of possession and control during that term was not brought about by appellant's violation of his visitation rights, and we need not decide what effect such circumstance might have had on the parties' rights in this case.

■ Appellee argues that the possession and control referred to in paragraph (b)(2) means the legal right to possession and control which he had under the modification order of the New Hampshire Court for four months prior to filing his petition. We believe the statute means actual, physical possession and control by the relator. Paragraph (a) vests a prima facie right to possession in the party armed with a valid court order entitling him to possession. Paragraph (b)(2) is plainly an exception to that right. It assumes the existence of the court order in relator's favor. It speaks to that order. Without the order the relator would have no standing under paragraph (a) of § 14.10; and he would be required to bring his custody suit under another section of the Family Code. The "relator" whose possession and control is addressed in paragraph (b)(2) is the relator referred to in paragraph (a) who has an outstanding custody order. To construe the words "possession and control" in paragraph (b)(2) to mean *legal right* to possession and control would render the terms of that paragraph meaningless, because the relator must come to court with the legal right which necessarily would be held by him "immediately preceding" the filing of his petition.

■ § 14.10 was enacted by the Legislature to change the rule permitting the re-trial of the right to custody of the child in a habeas corpus proceeding. *Trader v. Dear* (Tex.1978) 565 S.W.2d 233, 235; *Lamphere v. Chrisman* (Tex.1977) 554 S.W.2d 935, 937.

In *Strobel v. Thurman* (Tex.1978), 565 S.W.2d 238, 239, the Court said that under § 14.10 the writ should be granted "upon proof of the bare legal right to possession," but the Court continued as follows:

"There are some exceptions to this use of the remedy. A writ may be denied if the prior order 'was granted by a court that lacked jurisdiction,' section 14.-10(b)(1), 'if the child has not been in the relator's possession for at least 6 months,' section 14.10(b)(2), 'if there is a serious immediate question concerning the welfare of the child,' section 14.10(c), or 'if the right to possession of a child is not governed by a court order.' Section 14.-10(e)." None of those exceptions exist in this case.

The father [respondent in the habeas corpus proceeding] suggests that there may be a serious question concerning the welfare of the child because of his threat to run away from home. The court's order [granting relator possession of the child under an Indiana custody decree] was not placed on that ground, and the brief record does not show any serious immediacy for a disregard of the Indiana decree."

In *Lamphere v. Chrisman* (Tex.1977) 554 S.W.2d 935, 937, the court first determined that the facts of that case did not bring it within the provisions of paragraph (b)(2), and then held: "The exception of Section 14.10(b)(2) therefore did not come into play, and Judith [the relator-mother under a Missouri decree] was entitled to the issuance of the writ without the relitigation of the right to possession question [under the father's pleadings for custody]."

■ Under the cases cited above (and others by our Supreme Court dealing with the problem) it is settled that if the exception in § 14.10(b)(2) is not raised on the hearing for writ of habeas corpus, the relator meeting the requirement of paragraph

(a) of the statute is entitled to immediate possession of the child without relitigation of the issues of right of possession and the best interest of the child. Nevertheless, we believe those cases implicitly stand for the rule that when the exception is triggered by the filing of the cross action, and by the finding of the court under disputed facts or by undisputed evidence (as in our case) of the existence of the six-months period, then it is the duty of the court to hear evidence on the cross action before he grants or denies the writ. Under the contrary holding sought by appellee, the court could arbitrarily disregard the cross action and grant the writ under the provisions of paragraph (a) even though the relator had neither possession or custody of the child nor any contact with the child for any term longer than six months, perhaps several years, regardless of its length, without right of review by the respondent. We do not believe that was the Legislature's intent in enacting the exception. It might be proper to grant the writ in favor of a relator who had not had possession and custody or contact with the child for the minimum term required in the exception, or for a much longer term, after hearing the cross action, but a record would have been made for reviewing the court's action on appeal.

In the light of the court's rulings during the course of the trial on its jurisdiction and discretion under the statute, the parties did not develop their respective positions on the cross action. Also, appellant did not develop her case by bill of exception. Nevertheless, the evidence we have recited is the only evidence touching upon the present circumstances surrounding the parties and the children, and their relationships. Although meager it stands alone and undisputed in the record, we hold it supports the conclusion that the court abused its discretion in granting the writ.

The remaining contentions of both parties are without merit and are overruled.

The judgment is reversed. The case is remanded to permit the parties to try the cross action.