Ralph D. GRAY, Petitioner,

v.

Wallinda Gray RANKIN, Respondent.

No. B–8805.

Supreme Court of Texas.

Jan. 23, 1980.

Rehearing Denied March 19, 1980.

Donaldson & McClellan, Byron L. McClellan, Jr., Copperas Cove, for petitioner.

William B. Ray, Copperas Cove, for respondent.

PER CURIAM.

■ This is an appeal from the granting of a writ of habeas corpus for possession of a child under the authority of Tex.Fam. Code Ann. § 14.10 (Vernon 1975). The court of civil appeals has reversed the judgment of the trial court and remanded the cause for trial of a cross action. 584 S.W.2d 539. We hold that the order granting the writ of habeas corpus was not an appealable order. The appeal must, therefore, be dismissed.

■ ■ The appellate jurisdiction of the courts of civil appeals is not unlimited or absolute, but within constitutional limitations is subject to control by the Legislature. *Harbison v. McMurray*, 138 Tex. 192, 158 S.W.2d 284 (Tex.1942). The Family Code provides for appeals from those orders entered under Chapter 14 which are enumerated in Section 11.19(b)(2). The granting or denying of a writ of habeas corpus is not one of those listed.

We have written in numerous mandamus proceedings that the Legislature intended to effect a substantial change in the prior practice which permitted a habeas corpus proceeding to put in issue anew the right to custody. The Legislature intended a limited habeas corpus proceeding to compel obedience to existing court orders. *Standley v. Stewart*, 539 S.W.2d 882 (Tex.1976); *Lamphere v. Chrisman*, 554 S.W.2d 935 (Tex. 1977); *McElreath v. Stewart*, 545 S.W.2d 955 (Tex.1977); *Saucier v. Pena*, 559 S.W.2d 654 (Tex.1978); *Trader v. Dear*, 565 S.W.2d 233 (Tex.1978). It is for this reason, no doubt, that the Legislature did not provide for an appeal from such orders. The time exhausted by an appeal would tend to thwart the purpose of a limited proceeding.

We grant the application of Ralph D. Gray pursuant to Tex.R.Civ.P. 483 without hearing oral argument in the case for the reason that the decision of the court of civil appeals is contrary to Section 11.19(b)(2) of the Family Code.

The judgment of the court of civil appeals is reversed and the appeal from the district court is dismissed.