Susan Sebastian Lemoine
MIERICKE, Appellant,

v.

David Perry LEMOINE, Appellee.

No. 05–89–01453–CV.

Court of Appeals of Texas,
Dallas.

March 30, 1990.

Darlene J. Ewing, Dallas, for appellant.

Herbert L. Hooks, Dallas, for appellee.

Before ENOCH, C.J., and BAKER and WHITTINGTON, JJ.

## OPINION

ENOCH, Chief Justice.

Appellant, Susan Sebastian Lemoine Miericke, is attempting to appeal an award of attorney's fees and costs from a habeas corpus proceeding. Because this Court has no jurisdiction to review the granting of a writ of habeas corpus, *Gray v. Rankin*, 594 S.W.2d 409, 409 (Tex.1980) (per curiam), we requested briefs on the issue of whether this Court has jurisdiction to review an award of attorney's fees and costs emanating from a habeas corpus proceeding. We hold that this Court has jurisdiction to review the award of attorney's fees and costs.

Lemoine brought a writ of habeas corpus proceeding against Miericke in order to gain possession of T.A. Lemoine, a minor child. The trial court granted Lemoine's writ of habeas corpus, ordered Miericke to deliver possession of the minor child to Lemoine, and ordered Miericke to pay $2,000 in attorney's fees and $230 in costs. In her jurisdictional brief, Miericke states that she is appealing only the award of attorney's fees and costs, not the granting of the writ of habeas corpus.

■ Section 11.18(a) of the Texas Family Code authorizes the award of attorney's fees and costs in a habeas corpus proceeding. The award of attorney's fees and costs is generally appealable. *See* Tex. Fam.Code Ann. § 11.19(a) (Vernon 1986).

■ The granting or denying of a writ of habeas corpus is not appealable. *Gray,* 594 S.W.2d at 409. Where a judgment or order contains both appealable and nonappealable portions, this Court has jurisdiction over the appealable portion. *See Dallas Oil & Gas, Inc. v. Mouer,* 533 S.W.2d 70, 73 (Tex.Civ.App.—Dallas 1976, no writ); *Brown v. Gulf Coast Machine & Supply Co.,* 551 S.W.2d 397, 399 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.); *Jernigan v. Jernigan,* 467 S.W.2d 621, 625 (Tex.Civ.App.—Beaumont 1971, writ dism'd w.o.j.). Accordingly, we hold that this Court has jurisdiction to entertain an appeal of an award of attorney's fees and costs emanating from a habeas corpus proceeding.

The time for filing briefs on the merits will begin from the date of this opinion.

BAKER, J., dissenting.

BAKER, Justice, dissenting.

I respectfully dissent. The Texas Supreme Court has held that an order granting a writ of habeas corpus for possession of a child is not appealable. *Gray v. Rankin,* 594 S.W.2d 409, 409 (Tex.1980) (per curiam). The order before this Court is such an order. I would hold that *Gray* applies.

*Dallas Oil & Gas, Inc. v. Mouer,* 533 S.W.2d 70, 73 (Tex.Civ.App.—Dallas 1976, no writ); *Brown v. Gulf Coast Machine & Supply Co.,* 551 S.W.2d 397, 399 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.); and *Jernigan v. Jernigan,* 467 S.W.2d 621, 625 (Tex.Civ.App.—Beaumont 1971, writ dism'd w.o.j.), do not furnish support for the majority's conclusion. Those cases involve appeals of interlocutory orders that were statutorily authorized and attempted appeals of other interlocutory orders that were not statutorily authorized. The courts in those cases asserted jurisdiction over only those interlocutory orders that were specifically identified as statutorily appealable.

Here, the applicable statute is section 11.19(b)(2) of the Texas Family Code, which the Texas Supreme Court has held does not permit an appeal of the very type of order before us. *Gray,* 594 S.W.2d at 409. In

my view, this case provides the converse of the above cases: Statutes expressly authorized the appeals in *Dallas Oil & Gas, Brown,* and *Jernigan,* whereas in this case, an appeal is not permitted by the statute.

I would dismiss the appeal for want of jurisdiction.