IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-005-CV





DEBRA ANN HOGG,



 APPELLANT


vs.





ROBERT C. HOGG,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY



NO. 88-701F3, HONORABLE TIMOTHY G. MARESH, JUDGE PRESIDING



 





 Debra Ann Hogg appeals from a divorce decree naming Robert C. Hogg managing
conservator of their two children. We will affirm the judgment of the trial court.



THE CONTROVERSY


 Robert and Debra Hogg were married in Texas in 1980. They lived in Georgetown
until 1983 when they were sent to England on assignment with the Air Force. At the end of 1985,
they returned to Texas, their legal domicile. In May 1986, the family moved to Florida. The
couple had two daughters; the first was born in Texas in 1981 and the second in England in 1985. 
The couple separated in January 1988, at which time Robert moved back to Texas while Debra
and the daughters remained in Florida. In June 1988, apparently by agreement, the children came
to Texas to visit their father and stayed all summer. On August 4, 1988, while Debra was in
Texas, Robert filed this cause for divorce requesting that he be named managing conservator of
the children and obtained emergency temporary orders that were extended until a temporary
hearing could be held. On August 5th, Debra returned to Florida and petitioned a Florida court
for divorce, also requesting custody of the children. 

 Before filing any other pleading, Debra filed a motion to dismiss this cause on
August 25th on the basis that Florida was the home state of the children. On September 7, 1988,
the trial court held a hearing on temporary matters at which Debra appeared in person. The trial
court found that it had jurisdiction because Debra had not filed a special appearance under Rule
120a, but instead had filed a motion to dismiss and appeared in person at the hearing. See Tex.
R. Civ. P. Ann. 120a (Supp. 1992). Further, the trial court found in accordance with Robert's
pleadings that it had jurisdiction due to "a serious and immediate question concerning the welfare
of the children." Tex. Fam. Code Ann. § 11.53(a)(3)(B) (1986). The court overruled the motion
to dismiss. Thereafter, the parties reached an agreement, announced on the record in open court,
asking that the trial court appoint Robert as temporary managing conservator and Debra as
temporary possessory conservator, and that it require the children to remain in Texas with Robert. 
The trial court signed its order incorporating the agreement October 4, 1988. No further action
occurred for some time and the children continued living with their father.

 On July 17, 1989, Debra filed a plea in abatement and an application for writ of
habeas corpus requesting the return of the children. She alleged that on September 20, 1988, a
Florida court rendered a judgment of divorce in her favor, giving her primary custody over the
children. This Florida decree, Debra asserted, represented a full adjudication of all issues. No
such decree appears in the record before this court and apparently none was admitted into
evidence. At the final hearing on March 26, 1990, the trial court denied Debra's motions. 

 On August 20, 1990, the trial court rendered a decree of divorce containing orders
concerning the children and levied $750 in sanctions jointly and severally against Debra and her
lawyer for their failure to produce properly-requested discovery. This decree underlies the
appeal. 


 JURISDICTION


 Debra's first three points of error complain that the trial court erred by denying her
plea in abatement, her writ of habeas corpus, and her motion to dismiss because the Texas court
lacked jurisdiction of the cause. 

 Debra argues correctly that jurisdiction generally lies in a child's home state. Tex.
Fam. Code Ann. § 11.53(a)(1)(A) (1986). Home state is defined as "the state in which the child
immediately preceding the time involved lived . . . for at least six consecutive months." Tex.
Fam. Code Ann. § 11.52(5) (1986). Even assuming Florida was the children's home state, Robert
contends that, if an emergency exists, a Texas court may assume jurisdiction over the matter when
necessary to protect the childen. The court found that such an emergency existed here. 

 Under the statute, a Texas court otherwise competent to decide custody matters has
jurisdiction to determine a child's custody if 1) the child is physically present in Texas and 2)
there is a serious and immediate question concerning the welfare of the child. Tex. Fam. Code
Ann. § 11.53(a)(3)(B) (1986); see also Garza v. Harney, 726 S.W.2d 198, 201 (Tex. App. 1987,
no writ). Robert alleged that his children met these criteria and he presented evidence in support
of his allegations. The trial court found accordingly. Because no findings of fact were requested
or filed, we must assume the court found facts in favor of its ruling. Lemons v. EMW Mfg. Co.,
747 S.W.2d 372, 373 (Tex. 1980); Renfro Drug Co. v. Lewis, 235 S.W.2d 609, 613 (1950).

 During pretrial hearings, in which both parties participated, Robert demonstrated
that the children were presently residing in Texas and offered proof detailing the alleged
mistreatment of the children while under their mother's supervision. The children told Robert that
they slept on the floor; that they were intentionally locked outside the apartment; that Debra's
residence was roach infested, filthy, and unsanitary; that alcohol containers were left strewn about
the apartment; and that they were left in the care of two men and subjected to physical abuse by
Debra's live-in boyfriend, a marijuana user who had a ferocious temper. Robert asserted that his
eldest child required counseling for behavioral problems as a result of these circumstances. The
parties had discussed these conditions; although Debra had assured Robert that she had altered her
living arrangements, he discovered that she had come with the same boyfriend to Texas to pick
up the children and that her living conditions were unchanged.

 Debra subjected herself to the jurisdiction of the Texas court system by personally
appearing at pre-trial hearings and filing pleadings without filing a special appearance under Rule
120a. See Tex. R. Civ. P. Ann. 120a (Supp. 1992). Additionally, Debra's complaint that the
trial court lacked jurisdiction is essentially a legal sufficiency contention. See Garza, 726 S.W.2d
at 201. This Court must examine the record for any probative evidence that would support the
trial court's actions and ignore all contrary evidence. Garza v. Alviar, 395 S.W.2d 821, 823
(Tex. 1965). The record contains legally-sufficient evidence upon which the trial court could have
made its determination. Trial courts may exercise substantial discretion in issuing orders for the
immediate protection of a child. McElreath v. Stewart, 545 S.W.2d 955, 958 (Tex. 1977). We
find that there was evidence to support the trial court's ruling and thus the trial court did not abuse
its discretion by assuming jurisdiction. 

 Debra alternatively contends that the Texas trial court lacked jurisdiction because
Florida had already adjudicated the matters in dispute in this cause. The parties agree that when
this cause was filed, no action had been commenced anywhere in any other court. Our record
contains no evidence of a Florida decree. Without any Florida judgment, there is no evidence
before this court to support Debra's request for a plea in abatement, habeas corpus relief, or a
dismissal. The burden is on appellant to present to this court an adequate record demonstrating
reversible error. Tex. R. App. P. Ann. 50(d), 52(a) (Pamph. 1992).

 Further, an order denying a petition for writ of habeas corpus is not an appealable
order. The proper relief is by writ of mandamus. See Gray v. Rankin, 594 S.W.2d 409 (Tex.
1980). Finally, the trial court is not required to compel return of the children when one seeking
the writ relinquished her possession by consent or acquiescence. Tex. Fam. Code Ann.
§ 14.10(c) (Supp. 1992). We overrule Debra's first three points of error. 



SANCTIONS


 Debra's fourth point of error contends that the trial court erred by imposing
discovery sanctions against her and her lawyer. She asserts that the request for discovery was
invalid because the court did not have jurisdiction and the discovery did not relate to an inquiry
into the court's jurisdiction. 

 For the reasons stated, this argument fails. Debra complains only of the trial
court's jurisdiction to levy sanctions; thus we overrule appellant's fourth point of error.

 We affirm the judgment of the trial court.


 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed: July 1, 1992

[Do Not Publish]