**Opinion issued November 13, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-14-00838-CV

———————————————

## IN RE JOSEPH ANDRE DAVIS, Relator

---

## Original Proceeding on Petition for Writ of Habeas Corpus

---

## MEMORANDUM OPINION

Relator Joseph Andre Davis, acting pro se, has filed a petition for writ of habeas corpus requesting that we compel the trial court to vacate (1) a temporary restraining order issued against relator and (2) an order in a suit to modify the

parent-child relationship granting the maternal grandparents temporary custodial managing conservatorship of relator's child.[1]

The circumstances under which this court has original habeas jurisdiction are narrow. Specifically, this court has original jurisdiction to issue a writ of habeas corpus in civil matters only when it appears that a person is restrained in his liberty "by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). Thus, an original habeas corpus proceeding in our Court is a collateral attack on a contempt decree. *See Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967).

Here relator has not demonstrated that the relief he requests is authorized by § 22.221(d) because relator has not shown that the complained of orders arose from his being held in contempt. *See In re McLane*, No. 01-08-00763-CV, 2009 WL 4358857, at *1 (Tex. App.—Houston [1st Dist.] Nov. 30, 2009, no pet.) (dismissing habeas petition in child custody case for lack of jurisdiction because relator failed to demonstrate that orders arose from being held in contempt); *see also In re Barnard*, No. 09-13-00150-CV, 2013 WL 1790240, at *1 (Tex. App.—

---

[1] The underlying case is *In the Interest of J.A.D.*, cause number 1997-09681, pending in the 245th District Court of Harris County, Texas, the Honorable Roy L. Moore presiding.

Beaumont April 25, 2013, no pet.) ("This Court lacks original jurisdiction of a habeas proceeding for the return of a child."). Accordingly, this Court lacks original jurisdiction to issue a writ of habeas corpus under the facts presented. *See* TEX. GOV'T CODE ANN. § 22.221(d); *In re McLane*, 2009 WL 4358857, at *2.

We note that there is no indication that relator has filed an application for a writ of habeas corpus for return of the child with the trial court. *See* TEX. FAM. CODE. ANN. § 157.371(a) (West 2014) ("The relator may file a petition for a writ of habeas corpus in either the court of continuing, exclusive jurisdiction or in a court with jurisdiction to issue a writ of habeas corpus in the county in which the child is found."). It is well-established that a trial court's order granting or denying a writ of habeas corpus in a child-custody case is not an appealable order. *See*, *e.g.*, *Gray v. Rankin*, 594 S.W.2d 409, 409 (Tex. 1980). However, mandamus may lie to correct the erroneous denial of a habeas petition seeking possession of a child under Chapter 157 of the Family Code. *See In re Kubankin*, 257 S.W.3d 852, 858 (Tex. App.—Waco 2008, no pet.); *In re deFilippi*, 235 S.W.3d 319, 322 (Tex. App.—San Antonio 2007, no pet.).

We dismiss the petition for writ of habeas corpus for lack of jurisdiction.

**PER CURIAM**

Panel consists of Justices Massengale, Brown, and Huddle.

3