**Appeal Dismissed and Opinion filed October 22, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00604-CV

## PEJMAN MAADANI, Appellant

## V.

## KRISTY K. WARD, Appellee

**On Appeal from the 387th District Court
Fort Bend County, Texas
Trial Court Cause No. 20-DCV-270383**

### OPINION

This attempted appeal arises out of a post-decree enforcement action in which appellant Pejman Maadani filed a petition for a writ of habeas corpus to compel the return of his child. *See* Tex. Fam. Code Ann. §§ 157.371–.376. There is no record that the trial court ruled on the petition.

On September 29, 2020, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal on or before

October 1, 2020. *See* Tex. R. App. P. 42.3(a). Appellant filed a response and an amended response. Appellant's response fails to demonstrate this court has jurisdiction over the appeal.

A trial court's order granting or denying a writ of habeas corpus in a child custody case is not appealable if the Family Code does not provide for an appeal. *Gray v. Rankin*, 594 S.W.2d 409, 409 (Tex. 1980)[1]; *Fox v. Perez*, No. 14-15-00085-CV, 2016 WL 93526, at *1 (Tex. App.—Houston [14th Dist.] Jan. 7, 2016, no pet.) (mem. op.). The Family Code does not provide for an appeal in such a habeas corpus proceeding, and the only available appellate remedy is a petition for a writ of mandamus. *See Greene v. Schuble,* 654 S.W.2d 436, 437 (Tex. 1983) (orig. proceeding); *Rocha v. Schuble,* 89 S.W.2d 681, 682 (Tex. App.—Houston [14th Dist.] 1991, orig. proceeding).

---

[1] *Gray* interpreted former Family Code section 14.10(a), Act of May 25, 1973, 63d Leg., R.S., ch. 543, § 1, sec. 14.10(a), 1973 Tex. Gen. Laws 1411, 1426 ("If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order."), *amended by* Act of Apr. 20, 1989, 71st Leg., R.S., § 1, sec. 14.10(a), 1989 Tex. Gen. Laws 355, 355 (adding "Subject to the Uniform Child Custody Jurisdiction Act (Subchapter B, Chapter 11, of this code) and the Parental Kidnapping Prevention Act of 1980 (28 U.S.C. 1788A)"), *repealed by* Act of Apr. 6, 1995, 74th Leg., ch. 20, § 2(1), 1995 Tex. Gen. Laws 113, 282. Current Family Code section 157.372(a) is substantially the same as former section 14.10(a) and was enacted in 1995. Act of Apr. 6, 1995, 74th Leg., ch. 20, § 1, sec. 157.372(a), 1995 Tex. Gen. Laws 113, 187 ("Subject to Chapter 152 and the Parental Kidnapping Prevention Act (28 U.S.C. Section 1738A), if the right to possession of a child is governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator only if the court finds that the relator is entitled to possession under the order.").

We dismiss the appeal the lack of jurisdiction. Additionally, because the record contains no complained-of order or otherwise complies with Texas Rule of Appellate Procedure 52, we deny appellant's request in his response to treat this attempted appeal as a petition for writ mandamus. *See* Tex. R. App. P. 52.3.


PER CURIAM


Panel consists of Justices Spain, Hassan, and Poissant.