**Dismissed and Memorandum Opinion filed April 12, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00288-CV

---

### EX PARTE E.A.B.

---

**On Appeal from the 310th District Court
Harris County, Texas
Trial Court Cause No. 2000-16955A**

---

### MEMORANDUM  OPINION

This is an attempted appeal from an April 27, 2021 order granting habeas-corpus relief compelling the return of a child and awarding attorney's fees to the appellee. *See* Tex. Fam. Code §§ 157.371-.376. An order granting habeas-corpus relief is not an appealable order. *Gray v. Rankin*, 594 S.W.2d 409, 409 (Tex. 1980).

On February 23, 2022, after appellant's brief had been filed, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing

the appeal on or before March 7, 2022. *See* Tex. R. App. P. 42.3(a). Appellant filed a response conceding that this court lacks over jurisdiction over the trial court's granting of the habeas writ, but argued this court has jurisdiction to review the award of attorney's fees. *See Miericke v. Lemoine*, 786 S.W.2d 810, 811 (Tex. App.—Dallas, no writ) ("[w]here a judgment or order contains both appealable and nonappealable portions, this Court has jurisdiction over the appealable portion."). However, appellant has not challenged the award of attorney's fees in his brief.

The issues raised in appellant's brief concern the grant of the petition for writ of habeas corpus. Because we lack jurisdiction to address the grant or denial of a petition for writ of habeas corpus, we must dismiss the appeal for want of jurisdiction. *Gray*, 594 S.W.2d at 409.

We order the appeal dismissed.


PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.