In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00133-CV**
_____

**IN RE COMMITMENT OF JAMES RICHARDS**

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 01-09-05913 CV

**OPINION**

In this appeal, we must determine whether we have appellate jurisdiction over a biennial-review order that the trial court entered in James Richards's sexually violent predator commitment case. *See* Tex. Health & Safety Code Ann. § 841.102 (West 2010) (providing sexually violent predators a biennial review). In 2003, a jury determined that Richards was a sexually violent predator, and he was committed for treatment under the provisions of title 11, chapter 841 of the Texas Health & Safety Code. *See In re Commitment of Richards*, No. 09-03-168 CV,

2004 WL 256744, at *1 (Tex. App.—Beaumont Feb. 12, 2004, no pet.); Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012) (the SVP statutes). The present appeal challenges the trial court's biennial-review order of February 2012, in which the trial court declined to find probable cause that Richards's sexual abnormality had changed.

## Right to Appeal

Because jurisdiction is a threshold issue that we must decide before addressing the merits of the other issues that Richards raises in his appeal, we first address issue six, which asserts we have jurisdiction over this appeal. According to Richards, an appeals court has jurisdiction to review a trial court's decision that probable cause does not exist to conduct a trial, which if conducted, would require the State to prove beyond a reasonable doubt that the "person's behavioral abnormality has not changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence." *See* Tex. Health & Safety Code Ann. §§ 841.102(c)(2), 841.103(c) (West 2010). Richards contends the biennial-review order in his case is final and appealable because, absent appellate review, the trial court's decision results in his continued commitment and to his loss of liberty for two more years. *See* Tex. Gov't Code Ann. § 22.220 (West Supp. 2012); Tex. Civ.

2

Prac. & Rem. Code Ann. § 51.012 (West Supp. 2012) (allowing a person to appeal from a final judgment).

Richards was committed as a sexually violent predator in 2003. His continued commitment and sex offender treatment is authorized by the 2003 commitment order, as modified in 2010. His claim that the biennial-review order is the basis on which he is subject to the restrictions about which he complains is wholly misplaced, as the trial court, in the current biennial-review order, did not modify the terms of its prior commitment orders.

After a person is committed under the SVP statute, the trial court retains jurisdiction over the person and subject matter of the individual's commitment. *See In re Commitment of Davis*, 291 S.W.3d 124, 127 (Tex. App.—Beaumont 2009, pet. denied). The trial court is required to review the status of the person who has been committed every two years. Tex. Health & Safety Code Ann. § 841.102. The biennial review process includes an administrative phase, where the case manager prepares a report. *Id.* § 841.101 (West Supp. 2012). The author of that report must consider whether the order on which the person's commitment has been based should be modified and whether the person should be released. *Id*. § 841.101(b). The case manager is required to provide the report to the trial court, and every two years, the trial court is required to review the status of persons who have been

committed under the SVP statute. *Id*. §§ 841.101(b), 841.102(a). The statute governing the biennial-review procedure contemplates an initial review at which the person is entitled to counsel, but the person who has been committed as a sexually violent predator is not entitled to be present. *Id.* § 841.102(b). The focus of the initial biennial review is twofold; the trial court must determine whether a requirement that was imposed on the person should be modified and whether probable cause exists to believe that the person is no longer likely to engage in another sexually violent act. *Id*. § 841.102(c).

If the court finds the order of commitment should be modified, the parties are entitled to an immediate examination by an expert and an evidentiary hearing on the proposed modifications. *Id.* § 841.103(a) (West 2010). At the modification hearing, the trial court, by express provision in the statute governing modification hearings, may consider hearsay if it determines the hearsay is reliable. *Id.* § 841.103(b) (West 2010). The statutory provision governing the modification hearing expressly provides that the parties are not entitled to a jury. *Id.* § 841.146(a) (West 2010).

In one of Richards's prior appeals, we considered whether appellate jurisdiction existed with respect to certain modifications that occurred following a biennial review. *In re Commitment of Richards*, 202 S.W.3d 779, 786 (Tex.

4

App.—Beaumont 2006, pet. denied). In 2006, we concluded that the biennial-review order did not finally dispose of Richards's complaint regarding where he is to reside; as a result, we held that we did not have jurisdiction over the part of his appeal challenging changes to the conditions of his commitment.

However, in this case, Richards seeks to appeal a decision made after the trial court determined whether probable cause existed to believe that his behavioral abnormality had changed to the extent that he was no longer likely to engage in a predatory act of sexual violence, an issue arising under section 841.102(c)(2). *See* Tex. Health & Safety Code Ann. § 841.102(c)(2). Thus, this appeal presents an issue of first impression.

Initially, the statute makes it clear that further proceedings will occur—a trial—if the trial court, after conducting a biennial review, finds that probable cause exists to believe the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence. *See id.* §§ 841.102(c)(2), 841.103(c) (allowing a trial by jury, on request, at the hearing that follows the trial court's preliminary biennial-review determination at which the burden of proof is placed on the State to prove, beyond a reasonable doubt, that the person's behavior has not changed so he is no longer likely to engage in a predatory act of sexual violence); *see also id.* § 841.062

5

(providing a right to appeal a determination after a trial finding that a person is a sexually violent predator); *id*. § 841.103(c) (providing the sexually violent predator with the protections provided him at the initial civil commitment proceeding, which includes the right to appeal the initial commitment order). Thus, the SVP statute reflects that the Legislature expressly provided for the parties to appeal if the trial court's probable cause determination results in a trial with a factfinder, such as a jury. However, the statute is conspicuously silent about granting a right to appeal from the trial court's initial determination of probable cause. Consequently, because the trial court did not find that probable cause existed to believe that Richards's behavioral abnormality had changed to the extent that he was no longer likely to engage in a predatory act of sexual violence, no further hearing took place. Richards's original commitment order and any modifications the trial court had made to it prior to the current biennial review remain in effect, although subject to future proceedings.

According to the statutes, it appears that the procedure requiring the trial court to make a probable cause determination every two years is not the sole means by which a sexually violent predator might gain release from the terms of an order committing him to treatment as a sexually violent predator. For example, a case manager may authorize the filing of an authorized petition for release if the case

6

manager determines that the person is no longer likely to engage in a predatory act of sexual violence. *Id.* § 841.121 (West 2010). In that case, the trial court is required to hold a hearing on the authorized petition within thirty days. *Id.* § 841.121(c). In the procedures that govern the authorized petition, disputed issues may be tried to a jury on request of either party, with the State bearing the burden of proof beyond a reasonable doubt. *Id.* § 841.121(d), (e).

Additionally, a person committed under the SVP statute may file an unauthorized petition for release seeking review by the trial court. *Id.* §§ 841.122, 841.123 (West 2010). If the petition is frivolous, the trial court must deny the petition without a hearing. *Id.* § 841.123(c). If an unauthorized petition for release is found to be frivolous or if it is denied after a hearing that results in a finding that the person should not be released, a subsequent unauthorized petition must be denied without a hearing unless the trial court finds probable cause exists to believe that the person's behavioral abnormality has changed to the extent that he is no longer likely to engage in a predatory act of sexual violence. *Id.* § 841.123(d); *see also id.* § 841.124 (West 2010). If the trial court does not deny the petition without a hearing, it must schedule a hearing as soon as practicable. *Id.* § 841.124(b). Either party may request that any disputed issues be tried to a jury, and

the State bears the burden of proof beyond a reasonable doubt. *Id.* § 841.124(c), (d).

Therefore, our review of the provisions governing release under the SVP statute reveals that the biennial-review procedure is not the exclusive means by which a sexually violent predator may gain release from the condition imposed by a commitment order. Additionally, the order at issue did not result from a trial on the merits and the Legislature did not expressly grant a right to appeal at the stage of the proceedings at issue. Finally, the commitment order governing Richards's commitment can be challenged by further proceedings that might occur in the trial court.

In a SVP commitment case, the trial court's jurisdiction continues while the commitment order remains in effect. *See Davis*, 291 S.W.3d at 127; Tex. Health & Safety Code Ann. § 841.082(d), (e) (West Supp. 2012). In civil cases generally, an order is final and appealable if it follows a trial on the merits. *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897-98 (Tex. 1966). A judgment issued without a conventional trial on the merits is final if it actually disposes of all claims and parties then before the court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001). An otherwise interlocutory order may be made final through severance, or if it "states with unmistakable clarity that it is a final judgment as to

all claims and all parties." *Id.* at 192-93, 208. The biennial-review order the trial court signed in Richards's case contains no such language of finality.

By statute, the procedural rules that apply to SVP cases, unless they conflict with the rules in the SVP statute, are provided by the Texas Rules of Civil Procedure and the Texas Rules of Appellate Procedure. Tex. Health & Safety Code Ann. § 841.146(b) (West 2010). Because the biennial-review order the trial court entered in Richards's case under section 841.102(c)(2) was not a final order, does not state that it was intended to be a final judgment, and did not follow a trial on the merits, we conclude the biennial-review order is not an appealable order.

In summary, the SVP statute provides several avenues for judicial review where a sexually violent predator has been committed to long-term supervision and treatment. The right of appeal is expressly granted in section 841.062(a) following the original determination of predator status; in addition, the constitutional protections that apply to the initial commitment proceeding attach if the trial court finds probable cause and conducts an adversarial hearing contemplated by section 841.103(c). *See id.* §§ 841.062(a), 841.103(c). However, the order from which Richards seeks to appeal is not an order from a hearing after a trial on the merits, and it does not reflect that the trial court intended it to be final. We conclude that the order at issue is not appealable.

9

Due Process Concerns

Richards argues that we must exercise appellate jurisdiction because the trial court has deprived him of due process. *See generally* U.S. Const. amend. V, XIV. According to Richards, if no appeal is possible from a constitutionally infirm biennial review, the trial court will have unfettered discretion to keep Richards in sex offender treatment "without ever seeing or hearing from him or his counsel ever again." However, appellate jurisdiction exists over the decisions made by trial courts only by grant of authority pursuant to law. *See Tex. Dep't of Public Safety v. Barlow*, 48 S.W.3d 174, 175-76 (Tex. 2001); *see also* Tex. Const. art. V, § 6(a); Tex. Gov't Code Ann. § 22.220; Tex. Civ. Prac. & Rem. Code Ann. § 51.012. We also do not agree that the trial court has unfettered discretion, given the other statutory options that Richards could use to obtain a trial on the merits on the issue of whether he no longer has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. After examining the record and after considering the arguments of counsel, we hold that our appellate jurisdiction has not been invoked. Accordingly, we dismiss Richards's appeal for lack of jurisdiction.

APPEAL DISMISSED.

_____

HOLLIS HORTON
Justice


Submitted on January 10, 2013
Opinion Delivered March 7, 2013
Before Gaultney, Kreger, and Horton, JJ.

11