In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00243-CV**

_____

**IN RE JAMES RICHARDS**

**Original Proceeding**

**MEMORANDUM OPINION**

In a mandamus petition filed in the biennial review stage of a civil commitment case, James Richards seeks to force the trial court to grant his motion to substitute counsel and rule on motions submitted by substituted counsel. Richards's civil commitment occurred in 2003, and is based on a jury having determined in that trial that he is a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013);[1] *see also In re Commitment of Richards*, No. 09-03-168 CV, 2004 WL 256744, at *1 (Tex.

---

[1]Throughout this opinion, we cite to the current version of the statute unless a previous version of the statute applies and the subsequent amendments would materially affect our analysis.

App.—Beaumont, Feb. 12, 2004, no pet.) (mem. op.). We conclude the trial court has not unreasonably restricted Richards's right to be represented by counsel of his own choosing, and deny mandamus relief.

The matter at issue in this biennial review proceeding concerns whether Richards is entitled to an evidentiary hearing at the probable cause stage of the proceeding. *See* Tex. Health & Safety Code Ann. § 841.102 (West 2010). In his petition for mandamus, Richards frames the single issue he presents in his petition as follows: "Respondent committed a clear abuse of discretion by refusing to set a hearing to determine whether there was probable cause that James Richards'[s] behavioral abnormality has changed to the extent that he no longer [is] likely to engage in predatory acts of sexual violence." In his petition, Richards asks that we order the trial court to (1) vacate the biennial review order of February 8, 2012, (2) vacate any subsequent biennial review orders, (3) vacate the trial court's order denying his motion for substitution of counsel and grant the motion he filed to substitute counsel, (4) seal his psychological evaluation, (5) rule on his motion for funds to hire an expert, (6) permit discovery, (7) conduct an evidentiary hearing, and (8) order Richards's release from the terms established under his current order of commitment.

Timeline

In the last three years, several significant events occurred that are relevant to the complaints that Richards makes in his mandamus petition.[2] They include the following events:

- November 23, 2011 – A clinical and forensic psychologist and clinical neuropsychologist, retained by State Counsel for Offenders (SCFO), evaluated Richards. *See* Tex. Health & Safety Code Ann. § 841.005 (West 2010).

- December 20, 2011 – Richards requested an evidentiary hearing to determine whether he should be released from civil commitment. The motion Richards filed requesting the hearing states that a psychologist evaluated Richards's progress in sex offender treatment and that the psychologist would testify that Richards's behavioral abnormality has changed to the extent that he is no longer likely to engage in a predatory act of sexual violence.

---

[2]Richards references the record of a previous appeal of the trial court's decision of that matter throughout his mandamus petition. *See In re Commitment of Richards*, 395 S.W.3d 905 (Tex. App.—Beaumont 2013, pet. denied). We take judicial notice of the record filed in that appeal. *See* Tex. R. Evid. 201.

- February 8, 2012 – The judge signed a biennial review order, retaining the civil commitment order without modification, and set the next biennial review proceeding for February 8, 2014.

- June 9, 2012 – The psychologist retained by SCFO submitted a written report to counsel.

- March 7, 2013 – We dismissed Richards's attempted appeal from the biennial review order of February 8, 2012.[3]

- March 28, 2014 – Pro bono counsel filed a motion to substitute counsel, seeking to represent Richards.[4] Richards personally signed the motion to indicate that he had consented to the substitution.

- May 5, 2014 – The psychologist, who had evaluated Richards in 2011, signed an affidavit stating that Richards's behavioral abnormality had

---

[3]The trial court neither modified a condition of civil commitment nor found probable cause that Richards's behavioral abnormality had changed; consequently, the trial court did not conduct a formal evidentiary hearing that would have allowed the parties to call and cross-examine witnesses. *See Richards*, 395 S.W.3d at 907-08; *see also* Tex. Health & Safety Code Ann. §§ 841.102(c); 841.103 (West 2010).

[4]Pro bono counsel had represented Richards as SCFO counsel during the 2012 biennial review proceedings, but she subsequently resigned from SCFO and entered private practice. No pleadings or orders in the mandamus record indicate that pro bono counsel continued to represent Richards after she left SCFO.

4

changed to the extent he is no longer likely to engage in a predatory act of sexual violence.

- May 8, 2014 – SCFO filed a motion to withdraw and substitute counsel. [5]

- May 13, 2014 – Pro bono counsel filed a motion asking the trial court to conduct an evidentiary hearing during the 2014 biennial review proceeding. In the motion, pro bono counsel requested the trial court to modify its civil commitment order and allow Richards to be released from the commitment order's condition regarding his residence.[6]

- May 13, 2014 – Pro bono counsel, by motion, asked the court to pre-approve the payment of $4,000, an amount that pro bono counsel suggested was needed to compensate Richards's expert to travel to court for an evidentiary hearing and to testify in connection with the

---

[5]The motion does not appear in the mandamus record, but the State does not challenge Richards's assertion that SCFO asked to withdraw as counsel. We assume from its exclusion from the mandamus record that the motion contains no information that is necessary to our analysis. *See generally* Tex. R. App. P. 52.7(a)(1).

[6]A residence restriction is a required term of a civil commitment order under section 841.082(a)(1) of the Health and Safety Code. Tex. Health & Safety Code Ann. § 841.082(a)(1) (West Supp. 2013).

5

biennial review proceeding. The motion relies on section 841.102(c)(2) of the Texas Health and Safety Code and *Ake v. Oklahoma*, 470 U.S. 68 (1985).

- May 20, 2014 – Citing sections 841.002 and 841.005 of the Texas Health and Safety Code, the trial court denied pro bono counsel's motion to substitute. *See* Tex. Health & Safety Code Ann. § 841.002 (West Supp. 2013), § 841.005.

- June 4, 2014 – Pro bono counsel filed a notice of appearance, informing the trial court that pro bono counsel and SCFO were both representing Richards.

Failure to Provide Evidentiary Hearing

In his current petition, Richards relies, in part, on events that occurred in connection with the biennial review proceeding that occurred in 2012. According to Richards, the trial court's failure to grant his request for an evidentiary hearing violates the Fourteenth Amendment of the United States Constitution and article I, section 19 of the Texas Constitution. *See* U.S. Const. amend. XIV; Tex. Const. art. I, § 19.

We explained the procedure that relates to the trial court's handling of the biennial review proceeding in *In re Commitment of Richards*, 395 S.W.3d 905,

6

907-09 (Tex. App.—Beaumont 2013, pet. denied). In Richards's present mandamus proceeding, the trial court has not yet ruled on whether he is entitled to a modification hearing, a hearing at which he could call and cross-examine witnesses. In 2013, in an appeal we dismissed for lack of jurisdiction, we noted that the trial court's obligation under the SVP statute to conduct an evidentiary hearing occurs when the trial court conducts a modification hearing, a hearing that is required after the trial court finds that probable cause exists to believe that the person who has been committed is no longer likely to engage in another sexually violent act. *See id.* at 908. In the evidence that accompanies Richards's petition, Richards has not shown that the trial court made the required probable cause finding. In the absence of such a finding, or a showing that the trial court clearly abused its discretion in failing to make that finding, a formal evidentiary hearing is not required by statute.[7]

---

[7]We decline to consider Richards's complaints about his 2012 biennial review because Richards failed to explain why he waited so long from the date we dismissed his appeal to file a mandamus petition. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) ("[D]elaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay."). Nevertheless, it appears the trial court is following the same procedure to address Richards's request for a 2014 biennial review. Therefore, to the extent they impact the proceedings now before the trial court, we address the merits of Richards's complaints that concern the procedure the trial court is following in providing him with a biennial review in 2014.

Citing a parole case, and based on an argument that the current proceedings implicate his liberty interests, Richards contends that the Due Process Clause requires the trial court to give him an evidentiary hearing in determining whether probable cause exists to show that his behavioral abnormality has changed. *See generally Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1 (1979). But, *Greenholtz* demonstrates that an evidentiary hearing is not necessarily a requirement of due process with respect to a parole board's decision to grant parole. *Id.* at 14, 16. In *Greenholtz*, the Supreme Court distinguished between a prisoner's entitlement to discretionary release from confinement while on parole and the hearing the parole board conducts in conjunction with a decision to revoke a defendant's parole. *Id.* at 9-10. As part of that analysis, the *Greenholtz* Court notes that the fact the defendant was convicted limits the liberty interests that are involved. *Id.* at 7-8. Consequently, a procedure that allows an inmate to provide written input to the parole board's discretionary decision to grant parole was held to satisfy the requirements of due process. *See Ex parte Retzlaff*, 135 S.W.3d 45, 49 (Tex. Crim. App. 2004).

With respect to the written motions that Richards filed in 2011 and 2012, he has not complained that the trial court failed to consider them. Instead, he complains the trial court never provided him with an evidentiary hearing on them.

8

But, based on Richards's 2011 and 2012 motions, the trial court never found that probable cause existed to believe that Richards's behavioral abnormality had changed, nor has the trial court yet done so based on his current motion. And, Richards received a jury trial before his liberty interests were affected by his civil commitment. *See Richards*, 2004 WL 256744, at *1. Moreover, Richards has not provided this Court with precedent or persuasive authority to support his argument that determining whether probable cause exists to show that Richards's behavioral abnormality has changed is a decision that cannot fairly be made on written submissions, without the need for a more formal evidentiary hearing.

Here, as well as in Richards's prior biennial reviews, the trial court appears to be following the requirements under the SVP statute. The statute contemplates the parties will provide the trial court with motions, accompanied by evidence, designed to establish that probable cause exists to show that the sexually violent predator's behavioral abnormality has changed. *See* Tex. Health & Safety Code Ann. § 841.102 (allowing the sexually violent predator to be represented by counsel during the biennial review proceeding, but stating that "the person is not entitled to be present at that review"). Under the statute, if the trial court were to find that such probable cause existed, Richards would then become entitled to an adversarial hearing. *Id.* § 841.102(c).

9

We conclude that the Due Process Clause does not require a formal evidentiary hearing for the trial court to decide if a modification hearing is needed. In connection with Richards's 2014 biennial review hearing, we hold that Richards has not shown the trial court clearly abused its discretion by failing to schedule an evidentiary hearing on his request for one. Nevertheless, as we further explain below, Richards is entitled to have the trial court consider his written submissions, and to rule regarding whether he has met the threshold probable cause standard that would, if found to exist, then require the trial court to conduct a modification hearing.

Right to Counsel of Choice

In his supplemental mandamus petition, Richards complains that the trial court violated his right to due process under the Fourteenth Amendment, and under article I, section 19 of the Texas Constitution, by denying pro bono counsel's motion to substitute counsel. Richards suggests that the trial court did not grant the motion to substitute counsel because expert witness fees were provided through SCFO, and pro bono counsel asked that she be substituted as counsel of record without explaining how Richards's litigation expenses would be paid. Richards suggests that he is entitled to have the trial court provide funds for an expert "in accordance with *Ake v. Oklahoma*, 470 U.S. 68 (1968)." According to Richards,

10

denying the motions without conducting a hearing deprived pro bono counsel of the opportunity to explain that she would seek alternative means to secure expert testimony if the trial court did not approve her request to pay for the expert.

The authority that Richards cites concerns the right to counsel that applies in criminal cases. *See U.S. v. Gonzalez-Lopez*, 548 U.S. 140, 146 (2006); *Ake*, 470 U.S. at 76; *Stearnes v. Clinton*, 780 S.W.2d 216, 225-26 (Tex. Crim. App. 1989). In criminal cases, the State may satisfy due process by providing for a public defender's office that shoulders the financial responsibility for the indigent defendant's litigation costs. *See Miller v. Smith*, 115 F.3d 1136, 1142-43 (4th Cir. 1997). Moreover, in such cases, a defendant's right to due process is not violated when the defendant chooses not to use the attorney the government made available. *Id*.

This is a civil case, and, except as otherwise provided by the SVP statute, it is governed by the Texas Rules of Civil Procedure. *See* Tex. Health & Safety Code Ann. § 841.146(b) (West 2010). Richards has not relied on any of the statutory exceptions, and the SVP statute provides that the SCFO shall represent an indigent person who is subjected to a suit seeking his civil commitment. *See id.* § 841.005(a). The trial court could reasonably consider the motions filed by pro bono counsel to be conditioned upon granting all three motions: that SCFO had asked to

withdraw only if pro bono counsel took over Richards's representation; that pro bono counsel would become Richards's counsel only if SCFO was permitted to withdraw; and that pro bono counsel would take over Richards's representation only if the trial court made arrangements for Richards's litigation expenses to be paid.[8] Given that all of the motions were conditional, the trial court could have reasonably concluded Richards's agreement to the motion to substitute counsel was not unequivocal. The trial court could further conclude that absent a decision to grant all three motions, Richards had not indicated that he no longer desired and had decided to waive his right to be represented by an attorney employed by SCFO.

A trial court abuses its discretion if it interferes with a civil litigant's counsel of choice without a compelling reason to restrict the exercise of that right. *See In re El Paso Healthcare Sys., Ltd.*, 225 S.W.3d 146, 153-54 (Tex. App.—El Paso 2005, orig. proceeding). In this case, however, no interference with the exercise of Richards's choice of counsel is shown in the mandamus record. After the trial court denied the motion to substitute, Richards filed a notice of appearance by pro

---

[8]Richards does not state whether the expert's expenses should have been paid from the cost of civil commitment payable by the State pursuant to section 841.146(c) of the Texas Health and Safety Code, the County's Indigent Defense Fund for criminal cases, the trial court's operating budget, or some other source not identified in the record before us. *See* Tex. Health & Safety Code Ann. § 841.146(c) (West 2010).

bono counsel as additional counsel. As of the date Richards filed his supplemental mandamus petition, it appears that counsel of record, employed by SCFO, is the attorney in charge and that pro bono counsel is additional counsel. *See* Tex. R. Civ. P. 8. Richards has not shown that the trial court refused to allow pro bono counsel to appear for Richards after June 4, 2014. Because no document in the mandamus record shows that the trial court has unreasonably restricted Richards's right to representation by counsel, Richards is not entitled to mandamus relief.

Finally, Richards complains that the trial court has not scheduled a biennial review hearing. The 2012 biennial review order states that the next biennial review date is February 8, 2014. However, the trial court's failure to issue a biennial review order for 2014 is explained by the issues that Richards raised regarding substituting counsel. Under the circumstances, the trial court's delay is explained by the record; therefore, we find no abuse of discretion. Nevertheless, given that the issue of who represents Richards is now resolved, we assume the trial court, within a reasonable time, will make its decision regarding Richards's written motions that address whether a modification hearing is necessary. Having carefully reviewed Richards's arguments, we deny his petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on June 9, 2014
Opinion Delivered July 24, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.