In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00456-CV
_____

IN RE COMMITMENT OF RICHARD DARREN GOODWIN

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 05-06-04904-CV**
_____

**MEMORANDUM OPINION**

On November 14, 2016, Richard Darren Goodwin filed a notice of appeal concerning a hearing that Goodwin alleged was held on June 23, 2016, in a sexually violent predator commitment case. We questioned our jurisdiction and the appellant filed a reply in which he acknowledges that he was civilly committed in an order signed on October 4, 2005. Generally, the trial court retains jurisdiction while the commitment order remains in effect and we lack appellate jurisdiction when the trial court modifies a commitment order without ending the court's supervision of the committed person and without making the otherwise

interlocutory order appealable. *In re Commitment of Cortez*, 405 S.W.3d 929, 931 (Tex. App.—Beaumont 2013, no pet.); *see also In re Commitment of Escobar*, No. 09-16-00231-CV, 2016 WL 4040167, at *1 (Tex. App.—Beaumont July 28, 2016, pet. denied) (mem. op.); *In re Commitment of Goodwin*, No. 09-12-00403-CV, 2013 WL 4399145, at *1 (Tex. App.—Beaumont Aug. 15, 2013, pet. denied) (mem. op.); *In re Commitment of Richards*, 395 S.W.3d 905, 910 (Tex. App.—Beaumont 2013, pet. denied). Goodwin has not identified a signed order by the trial court that is appealable at this time. Accordingly, the appeal is dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); 43.2(f).

APPEAL DISMISSED.

_____
LEANNE JOHNSON
Justice

Submitted on January 18, 2017
Opinion Delivered January 19, 2017

Before McKeithen, C.J., Kreger and Johnson, JJ.

2