

## Fourth Court of Appeals
### San Antonio, Texas

## OPINION

No. 04-18-00798-CV

**IN THE COMMITMENT OF** Stephen Patrick **BLACK**

From the 274th Judicial District Court, Guadalupe County, Texas
Trial Court No. 15-1805-CV
Honorable Gary L. Steel, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:     Luz Elena D. Chapa, Justice
             Irene Rios, Justice
             Beth Watkins, Justice

Delivered and Filed: October 2, 2019

APPEAL DISMISSED FOR LACK OF JURISDICTION; PETITION FOR WRIT OF MANDAMUS DENIED

Stephen Patrick Black was civilly committed in April 2016, after a jury found him to be a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE § 841.081. This court affirmed the judgment and commitment. *See In re Commitment of Black*, 522 S.W.3d 2 (Tex. App.—San Antonio 2017, pet. denied), *cert. denied sub nom. Black v. Texas*, No. 18-5029, 2018 WL 3223824 (U.S. Oct. 1, 2018). In May 2018, the trial court signed a biennial review order that continued the requirements of the 2016 final judgment and order of commitment without modification.

Black seeks to appeal the biennial review order. We questioned our jurisdiction over the appeal and requested the parties address the issue of this court's jurisdiction to review the order by appeal. In response, Black argues the biennial review order is an appealable final judgment. In the

alternative, he requests the court consider his response to our show cause order as a petition for a writ of mandamus. *See CMH Homes v. Perez*, 340 S.W.3d 444 (Tex. 2011).

### CHAPTER 841 BIENNIAL REVIEWS

The court that civilly commits a person under Chapter 841 retains jurisdiction over the case while the commitment order remains in effect. *See* TEX. HEALTH & SAFETY CODE § 841.082(d). While the person remains committed, the trial court is required to review the person's status every two years. *Id.* §§ 841.101–.103. In this process, the Texas Civil Commitment Office contracts with an expert to conduct an examination of the person. *Id.* § 841.101(a). The Texas Civil Commitment Office then provides a report of the examination, which includes consideration of whether the conditions or requirements of the commitment should be modified and whether the person should be released, to the court and to the person. *Id.* § 841.101(b). *See id.* The court then determines whether a requirement imposed on the committed person should be modified and whether there is probable cause to believe the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence. *Id.* § 841.102(a), (c). The committed person is entitled to representation by counsel during a biennial review; however, the trial court's probable cause determination need not be made at a formal evidentiary hearing and the committed person is not entitled to be present. *See id.* § 841.102(b); *In re Commitment of Richards*, No. 09-14-00243-CV, 2014 WL 3697027, at *3–4 (Tex. App.—Beaumont July 24, 2014, orig. proceeding [mand. denied]) (mem. op.) (per curiam). If the court finds there is probable cause to believe the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence, the court must set a formal hearing at which the committed person is "entitled to be present and to have the benefit of all constitutional protections provided to the person at the initial civil commitment proceeding." *Id.* § 841.103(c). Either party may demand a jury and the burden of proof is on the state. *Id.* However, if the trial

court does not find probable cause to believe the person's behavioral abnormality has so changed, the review is concluded and no hearing is held. *See id.* § 841.102(a).

## BLACK'S 2018 BIENNIAL REVIEW

Pursuant to this statutory procedure, Black was examined by an expert contracted by the Texas Civil Commitment Office, and a report of the examination was provided to Black and the trial court. The Texas Civil Commitment Office provided additional information to the trial court, which the court reviewed by informal submission[1]. In its May 9, 2018 order concluding the biennial review, the trial court found "that probable cause does not exist to believe that Stephen Patrick Black's behavioral abnormality has changed to the extent that he is no longer likely to engage in a predatory act of sexual violence." The court ordered that Black "remain a committed person pursuant to Chapter 841" and that "[a]ll requirements of the Final Judgment and Order of Commitment signed on April 7, 2016, shall remain unchanged and in full force and effect." Because the trial court found no probable cause to believe Black's behavioral abnormality had changed sufficiently or that the terms of his commitment should be modified, no hearing was set or held. *See id.* §§ 841.102(c), 841.103. This is the order Black seeks to appeal.

## JURISDICTION OVER APPEAL

The Texas Constitution vests the courts of appeals with jurisdiction over appeals from district and county courts, "subject to any restrictions and regulations prescribed by law." *Tex. Dep't of Pub. Safety v. Barlow*, 48 S.W.3d 174, 176 (Tex. 2001); *see* TEX. CONST. art. V, § 6(a); *Gray v. Rankin*, 594 S.W.2d 409, 409 (Tex. 1980) (per curiam) (holding appellate jurisdiction of courts of appeals "is not unlimited or absolute, but within constitutional limitations is subject to

---

[1] Black was represented by appointed counsel from the Office of State Counsel for Offenders during the biennial review process. *See* TEX. HEALTH & SAFETY CODE § 841.005. In April 2019, the trial court ordered Black could represent himself pro se in further matters relating to his civil commitment.

control by the Legislature"). The legislature has limited the constitution's general jurisdictional grant in civil cases to appeals from final judgments of the district or county courts in which the judgment or amount in controversy exceeds $250. TEX. GOV'T CODE § 22.220(a); TEX. CIV. PRAC. & REM. CODE § 51.012; *see Tune v. Tex. Dep't. of Pub. Safety*, 23 S.W.3d 358, 361 (Tex. 2000). We have appellate jurisdiction over other judgments and orders (ones that are not final or in which the amount in controversy requirement is not satisfied) only when the legislature has enacted a specific statutory authorization. *See Barlow*, 48 S.W.3d at 176; *Tune*, 23 S.W.3d at 361; *see, e.g.*, TEX. EST. CODE § 32.001(c) (authorizing appeal of final orders issued by a probate court); TEX. FAM. CODE § 109.002(b) (authorizing appeal of final orders in suit affecting parent child relationship); *id.* § 56.01(c) (specifying orders in juvenile proceedings that are appealable); *id.* § 81.009 (providing for appeal of some protective orders); TEX. HEALTH & SAFETY CODE §§ 574.070, 574.108 (authorizing appeal of orders for court-ordered mental health services, orders renewing or modifying such orders, and orders for administration of medication to patients under court order for mental health services); TEX. CIV. PRAC. & REM. CODE § 51.014 (authorizing appeal of certain interlocutory orders).

In Chapter 841, the legislature authorized an appeal of a factfinder's determination after a trial of whether, beyond a reasonable doubt, a person is a sexually violent predator. TEX. HEALTH & SAFETY CODE § 841.062(a); *see In re Commitment of Richards*, 395 S.W.3d 905, 908 (Tex. App.—Beaumont 2013, pet. denied). The legislature did not specifically authorize an appeal from the trial court's initial probable cause determination in a biennial review. *See Richards*, 395 S.W.3d at 908. Accordingly, the trial court's order in Black's biennial review is appealable only if it is a final judgment in which the amount in controversy exceeds $250. *See* TEX. CIV. PRAC. & REM. CODE § 51.012. We conclude it is not. The order does not bear the hallmarks of a final judgment. The biennial review was not initiated by a party's petition or motion; rather it is a

statutorily required review. The order did not follow a trial or an evidentiary hearing, or even a structured "paper" proceeding such as a motion for summary judgment; rather it followed an informal documentary review. No claims or causes of action were adjudicated in the order; rather the court made a statutorily required factual determination, based on an informal review of documents. And, contrary to Black's characterization of the order, the court did not "order [him] to two more years of civil commitment;" rather, the order simply recited that the 2016 judgment and commitment order would remain in effect unchanged. Generally, a post-judgment order that does not follow a new trial and does not impose any new obligations or "work a material change in the adjudicative portions of the original judgment" "does not qualify as another final judgment" and is not appealable. *See McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2017). We conclude a trial court's order finding no probable cause after a biennial review is not a final judgment.[2]

We hold the trial court's order finding no probable cause in the context of a Chapter 841 biennial review is not appealable. In this respect, we are in agreement with the only other court of appeals to have addressed this issue. *See In re Graves*, No. 09-17-00287-CV, 2017 WL 4319886, at *1 (Tex. App.—Beaumont Sept. 28, 2017, no pet.) (mem. op.) (holding "biennial review order continuing a person's civil commitment is not an appealable order"); *In re Richards*, 395 S.W.3d at 908–10 (holding trial court's initial determination in biennial review finding no probable cause is not appealable); *see also In re Dunsmore*, No. 01-18-00183-CV, 2019 WL 2180446 (Tex. App.—Houston [1st Dist.] May 21, 2019, no pet.) (mem. op.) (order denying unauthorized petition for release because there was no probable cause that committee's behavioral abnormality had changed is not appealable order).

---

[2] We note that Black has not asserted the amount in controversy exceeds $250.

## MANDAMUS

In his response to this court's order to show cause, Black requested in the alternative that we treat his appeal and the response as a petition for a writ of mandamus. *See CMH Homes*, 340 S.W.3d at 453–54. In the interest of judicial efficiency, we grant the request. However, after reviewing the brief and the record, we conclude that Black has not shown himself entitled to mandamus relief.

Black contends the trial court abused its discretion in failing to consider and rule on a number of pro se motions, objections, and factual submissions he filed during the course of the biennial review. However, Black was represented by statutorily appointed counsel throughout the biennial review. In an earlier mandamus proceeding, we held Black was not entitled to hybrid representation, and the trial court did not abuse its discretion in failing to consider and rule on Black's pro se motions and other filings. *In re Black*, No. 04-18-00700-CV, 2018 WL 6331052, at *2 (Tex. App.—San Antonio Dec. 5, 2018, orig. proceeding) (mem. op.).[3]

Black also complains the trial court abused its discretion because it "did not develop a record for appellate review, such as findings of facts and conclusions of law, or a reporter's record." Chapter 841 contemplates the initial probable cause determination in a biennial review will be made by informal submission; it does not require a formal hearing at which a reporter's record is made. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.101-.102. Further, Black has not shown the trial court was required to make findings or conclusions beyond those made in its May 9, 2018 biennial review order. Assuming that formal findings of fact and conclusions of law would

---

[3] This court also held the trial court was required to consider and rule upon Black's January 5, 2018 motion to terminate his statutorily appointed counsel and to appoint new counsel to represent him in connection with his civil commitment. *In re Black*, 2018 WL 6331052, at *2. The trial court subsequently denied that motion. In a separate proceeding on April 10, 2019, the trial court signed an order ruling that Black could thereafter proceed pro se.

be proper, they would not have been required in this case because Black's appointed counsel did not request them.

## CONCLUSION

We lack jurisdiction to review the trial court's May 2018 biennial review and Black has failed to demonstrate he is entitled to mandamus relief. Accordingly, we dismiss this appeal for lack of jurisdiction and deny the alternative petition for a writ of mandamus.

Luz Elena D. Chapa, Justice