

# Fourth Court of Appeals
## San Antonio, Texas

April 8, 2021

No. 04-20-00467-CV

**IN THE COMMITMENT OF STEPHEN PATRICK BLACK**

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 15-1805-CV
Honorable Gary L. Steel, Judge Presiding

# O R D E R

Appellant Stephen Patrick Black seeks to appeal the trial court's interlocutory "Biennial Review Order" signed on August 5, 2020 finding that "probable cause does not exist to believe that [Black's] behavioral abnormality has changed to the extent that he is no longer likely to engage in a predatory act of sexual violence." The order did not modify any of the requirements of Black's civil commitment pursuant to Chapter 841 of the Texas Health and Safety Code and provided that "[a]ll requirements of the Final Judgment and Order of Commitment signed on April 7, 2016 shall remain unchanged and in full force and effect." As we noted in our previous opinion addressing our jurisdiction over Black's appeal from his first biennial review order, the legislature did not specifically authorize an appeal from the trial court's initial probable cause determination in a biennial review and a biennial review order finding no probable cause does not constitute a final judgment. *See In re Commitment of Black*, 594 S.W.3d 590, 593 (Tex. App.—San Antonio 2019, no pet.); *see also* TEX. HEALTH & SAFETY CODE ANN. § 841.101-.103 (biennial review process), § 841.062(a) (specific authorization to appeal the factfinder's determination after a trial that a person is a sexually violent predator). Absent a final judgment or specific legislative authorization to appeal an interlocutory order, we do not have jurisdiction over this appeal. *In re Commitment of Black*, 594 S.W.3d at 593; *see also In re Commitment of Richards*, 395 S.W.3d 905, 908 (Tex. App.—Beaumont 2013, pet. denied); *In re Graves*, No. 09-17-00287-CV, 2017 WL 4319886, at *1 (Tex. App.—Beaumont Sept. 28, 2017, no pet.) (mem. op.). We note that Black filed a motion requesting permission to appeal the interlocutory order which was denied by the trial court.

Accordingly, because it appears that we do not have jurisdiction over this appeal, we order appellant Black to show cause in writing **within fifteen (15) days** from the date of this order stating (i) why this appeal should not be dismissed for lack of jurisdiction and (ii) why this appeal is not frivolous. *See* TEX. R. APP. P. 43.2(f), 45. All appellate deadlines are suspended pending our determination of whether we have jurisdiction over this appeal.

FILE COPY

_Liza A. Rodriguez_
Liza A. Rodriguez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 8th day of April, 2021.



_Michael A. Cruz_
MICHAEL A. CRUZ, Clerk of Court