In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00176-CV
_____

EX PARTE ERICK LAWSON

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 24-03-03640-CV

MEMORANDUM OPINION

Erick Lawson filed a notice of appeal of an order denying his Application for Writ of Habeas Corpus (the Application). In his appellate brief, Lawson argues: (1) the 435th District Court is not the committing court and lacks jurisdiction over his civil commitment; (2) the trial court's exercise of jurisdiction by ruling on the Application deprived Lawson of his constitutional right to receive due course of law; (3) the trial court abused its discretion by amending Lawson's civil commitment order without proper subject matter jurisdiction; and (4) the 2007 Agreed Judgment and Order of Civil Commitment in Trial Cause Number 07-08-08159-CV is void because in 2016 Lawson was wrongly ordered into a tiered treatment program that

1

indefinitely confined Lawson in a total confinement facility. In Appellee's Brief, the State contends the appellate court lacks jurisdiction over this appeal because the Application seeks relief from or modification of the terms of Lawson's civil commitment. The State also disagrees with Lawson on the other arguments made by Lawson, and the State argues the 435th District Court has subject matter jurisdiction over Lawson's continued civil commitment as a sexually violent predator and the orders of the 435th are not void, and Lawson's original judgment and order of commitment allowed for modifications to his terms of commitment and the trial court had statutory authority to place him into the tiered treatment program. After considering the appellate record, the applicable law, and the arguments presented in the briefs, we conclude that we lack appellate jurisdiction and dismiss the appeal. We also deny Lawson's request for mandamus relief.

## Background

On October 17, 2007, Lawson was civilly committed as a sexually violent predator in an Agreed Final Judgment and Order of Civil Commitment signed in the 9th District Court of Montgomery County, Texas. On that date, the mandatory requirements for a civil commitment order found in Section 841.082(a) of the Health and Safety Code included "requiring the person to reside in a Texas residential facility under contract with the council or at another location or facility approved by the council;" and "requiring the person's participation in and compliance with a

2

specific course of treatment[.]" *See* Act of May 19, 2005, 79th Leg., R.S., ch. 849, § 3, 2005 Tex. Gen. Laws 2890, 2891 (amended 2005, 2007, 2011, 2015, 2017) (codified at Tex. Health & Safety Code § 841.082). Consistent with the law then in effect, the order of civil commitment provided, in relevant part: "Erick Lawson shall reside in Harris County, Texas, in a Texas residential facility under contract with the Council on Sex Offender Treatment or at another location or facility approved by the Council[]" and "Erick Lawson shall participate in and comply with a specific course of treatment[.]"

In 2007, the Legislature created the 435th District Court of Montgomery County. Act of May 28, 2007, 80th Leg., R.S., Ch. 1342, § 5, 2007 Tex. Gen Laws 4563, 4564 (amended 2015) (for current statute see Tex. Gov't Code Ann. § 24.579). Effective September 1, 2007, the 435th District Court was created as a court of general jurisdiction with preference to hear civil commitment proceedings under Chapter 841, Health and Safety Code. *Id*. Approximately two weeks after Lawson was civilly committed in an order of the 9th District Court, the judge of the 9th District Court of Montgomery County, acting in his capacity as the Local Administrative Judge for Montgomery County, signed an Order of Transfer that stated:

> It is hereby ORDERED that all civil commitment of sexually violent predator cases under the Texas Health and Safety Code Chapter 841, filed in Montgomery County, Texas, be assigned to the 435th

3

Judicial District Court of Montgomery County, Texas. This order shall include all previously filed cases, as well as new cases.

According to Lawson, since the date of transfer, the proceedings in Trial Cause Number 07-08-08159-CV have been filed in and ruled upon by the 435th District Court.

Application for Writ of Habeas Corpus

In his pro se Application, Lawson asserted "The 435th District Court of Montgomery County, Texas lacked jurisdiction in this case, and rendered void biennial review orders, [and a void] order placing Lawson in the tiered treatment program, and an Amended Order of Commitment."

The Order on Lawson's Application for Writ of Habeas Corpus and Lawson's Motion for a Hearing stated:

> The court has this day reviewed Lawson's application for a writ of habeas corpus and his motion for a hearing. The court has also reviewed the State's responses and all other documents related to Lawson's application and his civil commitment as a sexually violent predator.
> The court finds there are no controverted, previously unresolved facts material to the legality of Lawson's civil commitment or his 2016 placement into the tiered-treatment program. Therefore, Lawson's request for a hearing is DENIED.
> Further, the court finds legal authority overruling all of the issues Lawson raises in his application. Therefore, Lawson's application for writ of habeas corpus is also DENIED.

Appeal

First, we address Lawson's arguments that relate to the authority of the 435th District Court to consider and rule on Lawson's Application for Writ of Habeas Corpus. Lawson argues the judge who signed the order "made a determination contrary to law[]" when he determined that the 435th District Court holds jurisdiction over Lawson's civil commitment. He argues he was deprived of his "Constitutional right to receive Due Course of law" because the 435th District Court lacks subject matter jurisdiction in the habeas corpus proceeding, and the judge assigned to consider Lawson's habeas corpus application abused his discretion by wrongfully assuming jurisdiction vested in the 9th District Court by virtue of the order of civil commitment signed on October 17, 2007, in Trial Cause Number 07-08-08159-CV.

Lawson concedes that this Court has in a prior case rejected the same arguments Lawson makes here. *See In re Richards*, No. 09-23-00408-CV, 2024 Tex. App. LEXIS 842, at *1 (Tex. App.—Beaumont Feb. 1, 2024, orig. proceeding) (mem. op.). He argues that in *Richards* we failed to recognize and follow our own precedent in our 2013 opinion styled *In re Commitment of Richards* and other cases that recognized the committing court's continuing jurisdiction while the order of civil commitment remains in effect. *See* 395 S.W.3d 905, 907 (Tex. App.—Beaumont 2013, pet. denied). In the 2013 case, Richards attempted to appeal a

5

biennial review order in which the 435th District Court declined to find probable cause that Richards's behavioral abnormality had changed to the extent that he was no longer likely to engage in a predatory act of sexual violence. *Id.* In the opinion we issued in 2013, we held the trial court's 2012 biennial review order was not an appealable order because the order at issue did not result from a trial on the merits, the Legislature did not expressly grant a right to appeal the proceedings at issue, and the commitment order governing a civil commitment can be challenged by further proceedings that might occur in the trial court. *Id* at 909. In 2013, Richards's case had already been transferred from the original committing court to the 435th District Court, and we were not asked to consider, nor did we decide whether the ongoing civil commitment case could be transferred to the 435th District Court after the Legislature created that court and directed it to give preference to civil commitments under the SVP Act. *See generally* 395 S.W.3d 905. That said, we did decide that issue in 2024, when we held that Richards's civil commitment case was properly transferred to the 435th District Court pursuant to the order of the Local Administrative Judge under the Court Administration Act. *Richards*, 2024 Tex. App. LEXIS 842, at *2. We follow the precedent we established earlier this year in *Richards*. *See id*. We conclude the 435th District Court lawfully maintains jurisdiction in Trial Cause Numbers 07-08-08159-CV and 24-03-03640-CV.

A few days after the parties filed their briefs in this appeal, we also issued three opinions in attempted appeals of orders that were almost identical to the order Lawson has challenged here. *See Ex parte Richards*, No. 09-24-00077-CV, 2024 Tex. App. LEXIS 4499 (Tex. App.—Beaumont June 27, 2024, no pet. h.) (mem. op.) *Ex parte Poest*, No. 09-24-00072-CV, 2024 Tex. App. LEXIS 4500 (Tex. App.—Beaumont June 27, 2024, no pet. h.) (mem. op.); *Ex parte Williams*, No. 09-24-00068-CV, 2024 Tex. App. LEXIS 4509 (Tex. App.—Beaumont June 27, 2024, no pet. h.) (mem. op.). In each of those cases, after reviewing the record and applicable law, we concluded the trial court determined from the face of each application that the application lacked merit and that in each case the challenged order was not appealable as a final judgment. *See Richards*, 2024 Tex. App. LEXIS 4499, at *11; *Poest*, 2024 Tex. App. LEXIS 4500, at **11; *Williams*, 2024 Tex. App. LEXIS 4509, at **10-11. At the appellants' requests we then considered each brief as a petition for a writ of mandamus, but we denied mandamus relief because we concluded that the 2015 amendments to the SVP Act, including the tiered treatment program, applied as a matter of law and were not unconstitutional as applied. *Richards*, 2024 Tex. App. LEXIS 4499, at **17-18; *Poest*, 2024 Tex. App. LEXIS 4500, at **17-18; *Williams*, 2024 Tex. App. LEXIS 4509, at **17-18.

The issues we resolved in *Richards*, *Poest*, and *Williams*, also control the remaining jurisdictional questions presented by Lawson in his attempted appeal.

Lawson's application for a writ of habeas corpus makes a legal argument about why he contends the 2015 Amendments and the Tiered Treatment Program do not apply to him. He does not controvert any of the facts. The trial court's order expressly states that no hearing is required because there are no controverted and no previously unresolved material facts. Then in a separate paragraph the trial court states there is "legal authority overruling Lawson's arguments in his application." Here, Lawson applied to the trial court for a writ that, if granted, would afford him relief from the restrictions on his liberty that were imposed on him by virtue of the order of civil commitment in Trial Cause Number 07-08-08159-CV. "[A]n appellate court has no jurisdiction to hear the appeal when the trial court did not deny the application for writ of habeas corpus on its merits." *Ex parte Miller*, No. 09-08-00194-CV, 2009 Tex. App. LEXIS 2298, at *3 (Tex. App.—Beaumont Apr. 2, 2009, no pet.) (mem. op.). After reviewing the record as a whole in this case, we conclude the order denying Lawson's application for a writ of habeas corpus was not appealable as a final judgment and that the trial court determined the application lacked merit from the face of Lawson's application. *See id.*; *see also Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008) ("Only when a hearing is held on the merits of an applicant's claims and there is a ruling on the merits of the claims may a losing party appeal.").

8

In a supplemental filing, Lawson asked this Court to consider his brief as a mandamus petition. For the same reasons we explained in *Richards*, *Poest*, and *Williams*, we also deny Lawson's request for mandamus relief. *See id.* 2024 Tex. App. LEXIS 4499, at **11-18; 2024 Tex. App. LEXIS 4500, at **11-18; 2024 Tex. App. LEXIS 4509, at **11-18; *see also* Tex. R. App. P. 52.8(a).

For the reasons explained above, we dismiss the appeal for lack of jurisdiction, and we deny the petition for mandamus relief.

APPEAL DISMISSED; PETITION DENIED.

PER CURIAM

Submitted on July 22, 2024
Opinion Delivered August 8, 2024

Before Golemon, C.J., Johnson and Chambers, JJ.

9