

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-25-00523-CV

_____

## IN RE: THE COMMITMENT OF JEFFERY REGAN EDDINGS

Original Proceeding
396th District Court of Tarrant County, Texas
Trial Court No. D396-S-14013-18

Before Sudderth, C.J.; Kerr and Walker, JJ.
Opinion by Justice Walker

## OPINION

## I. INTRODUCTION

In 2019, after a jury found him to be a sexually violent predator,[1] Appellant Jeffery Regan Eddings was civilly committed. *See* Tex. Health & Safety Code Ann. § 841.081. This court affirmed the final judgment and order of commitment. *See In re Commitment of Eddings*, No. 02-19-00290-CV, 2020 WL 3730738, at *14 (Tex. App.—Fort Worth July 2, 2020, pet. denied) (mem. op.). In August 2025, the trial court signed a biennial-review order that continued the requirements of the 2019 judgment and commitment without modification.

Eddings, proceeding pro se, attempts to bring a restricted appeal from the trial court's 2025 biennial-review order. We questioned our jurisdiction over the appeal and because the order did not appear to be a final judgment or an appealable interlocutory order, we warned Eddings that unless he or any party desiring to continue the appeal filed with the court a response showing grounds for continuing the appeal, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. In response, Eddings requested that "his appeal be converted to a petition for writ of mandamus for the sake of judicial economy." *See CMH Homes v. Perez*, 340 S.W.3d 444, 452 (Tex. 2011).

---

[1]A person is a sexually violent predator if that person "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." Tex. Health & Safety Code Ann. § 841.003(a)(1), (2).

## II. CHAPTER 841 BIENNIAL REVIEWS

The trial court that civilly commits a person under Chapter 841 of the Texas Health and Safety Code retains jurisdiction of the case while the commitment order remains in effect and is required to review the person's status every two years. *See* Tex. Health & Safety Code Ann. §§ 841.082(d), 841.101(a), (b). In this review process, the Texas Civil Commitment Office contracts with an expert to conduct an examination of the committed person and then provides a report of the examination to the trial court and the person. *Id.* § 841.101(a), (b). The report includes consideration of whether to modify a requirement imposed on the person and whether to release the person from all requirements imposed on the person. *Id.*

The trial court then determines by a preponderance of the evidence[2] at the biennial review whether (1) a requirement imposed on the committed person should be modified or (2) the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence. *Id.* § 841.102(a), (c). The person is entitled to representation by counsel during the biennial review; however, the trial court's preponderance-of-the-evidence determination need not be made at a formal evidentiary hearing, and the person is not entitled to be present. *See id.* § 841.102(b); *In re Commitment of Richards*, No. 09-14-

---

[2]In 2023, Texas Health and Safety Code Section 841.102(c) was amended and changed the trial court's biennial-review burden of proof from probable cause to a preponderance of the evidence. *See id.* § 841.102(c).

00243-CV, 2014 WL 3697027, at *3–4 (Tex. App.—Beaumont July 24, 2014, orig. proceeding) (mem. op.) (per curiam).

If the trial court determines by a preponderance of the evidence that a requirement imposed should be modified or that the person is no longer likely to engage in a predatory act of sexual violence, the trial court must set a formal hearing at which the person is "entitled to be present and to have the benefit of all constitutional protections provided to the person at the initial civil commitment proceeding." Tex. Health & Safety Code Ann. § 841.103(c). However, if the trial court does not determine by a preponderance of the evidence that a requirement should be so modified or that the person's behavioral abnormality has so changed, the biennial review is concluded and no hearing is held.[3] *See id.* § 841.102(a).

### III. EDDINGS'S 2025 BIENNIAL REVIEW

Pursuant to this statutory procedure, Eddings was examined by an expert contracted by the Texas Civil Commitment Office, and a report of the examination

---

[3]We note that the procedure requiring the trial court to make a preponderance-of-the-evidence determination every two years is not the sole means by which a sexually violent predator might gain release from the terms of a commitment order. For example, a case manager may authorize the filing of an authorized petition for release if the case manager determines that the person is no longer likely to engage in a predatory act of sexual violence. *Id.* § 841.121. Additionally, a committed person may file an unauthorized petition for release with the trial court. *Id.* §§ 841.122, 841.123. Therefore, our review of the provisions governing release under Chapter 841 reveals that the biennial-review procedure is not the exclusive means by which a sexually violent predator may seek release from a condition imposed by the commitment order.

4

was provided to the trial court and Eddings. The trial court reviewed the report, a summary of Eddings's progress in the tiered sex offender treatment program, and a recommendation from his case manager.

In its 2025 order concluding the biennial review, the trial court found that

> [a]fter considering this information, the Court does not determine by a preponderance of the evidence that [Eddings's] behavioral abnormality has changed to the extent that he is no longer likely to engage in a predatory act of sexual violence. Further, this Court does not determine by a preponderance of the evidence that any civil commitment requirement imposed on [Eddings] should be modified at this time.

This is the order that Eddings seeks to appeal.

## IV. JURISDICTION OVER THE APPEAL

The Texas Constitution vests the courts of appeals with jurisdiction over appeals from district and county courts, "subject to any restrictions and regulations prescribed by law." *Tex. Dep't of Pub. Safety v. Barlow*, 48 S.W.3d 174, 176 (Tex. 2001); *see* Tex. Const. art. V, § 6(a); *Gray v. Rankin*, 594 S.W.2d 409, 409 (Tex. 1980) (per curiam) (holding appellate jurisdiction of courts of appeals "is not unlimited or absolute, but within constitutional limitations is subject to control by the Legislature").

The Legislature has limited the Constitution's general jurisdictional grant in civil cases to appeals from final judgments of the district or county courts in which

5

the judgment or amount in controversy exceeds $250,[4] Tex. Gov't Code Ann. § 22.220(a); Tex. Civ. Prac. & Rem. Code Ann. § 51.012, and to certain interlocutory orders—that is, orders that are not final.

The trial court's order concluding Eddings's 2025 biennial review does not bear the hallmarks of a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) (discussing finality). The biennial review was not initiated by a party's petition or motion; rather it is a statutorily required review. *See* Tex. Health & Safety Code Ann. § 841.101(a) (requiring biennial examination). The biennial-review order did not follow a trial or a motion for summary judgment that disposed of all claims and parties as required for finality. *See Lehmann*, 39 S.W.3d at 205 ("[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties."); *see also In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 922 (Tex. 2024) (orig. proceeding) ("All judgments or orders that do not follow a conventional trial on the merits—including default judgments, summary judgments, and the like—lack the presumption of finality."). Rather, it followed an informal documentary review, *see* Tex. Health & Safety Code Ann. § 841.102(a), but it adjudicated no claims or causes of action and disposed of no parties. And when a final judgment already exists, a

---

[4]Eddings has not asserted that the amount in controversy exceeds $250. *See* Tex. Gov't Code Ann. § 22.220(a); Tex. Civ. Prac. & Rem. Code Ann. § 51.012.

subsequent order that has no effect except to enforce provisions of the judgment does not qualify as another final judgment subject to appeal. *See McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2017) (discussing supersedeas orders and explaining that if such a post-judgment order imposes obligations in addition to or in excess of those in the judgment, an appeal is permissible if it disposes of all pending issues and parties). We conclude that the trial court's order concluding Eddings's 2025 biennial review is not a final judgment.

The trial court's order concluding Eddings's 2025 biennial review is also not an appealable interlocutory order. We have appellate jurisdiction over interlocutory orders only when the Legislature has enacted a specific statutory authorization. *See, e.g.*, Tex. Est. Code Ann. § 32.001(c) (authorizing appeal of final orders issued by a probate court); Tex. Fam. Code Ann. § 109.002(b) (authorizing appeal of final orders in suit affecting parent–child relationship), § 56.01(c) (specifying orders in juvenile proceedings that are appealable), § 81.009 (providing for appeal of some protective orders); Tex. Health & Safety Code Ann. §§ 574.070, 574.108 (authorizing appeal of orders for court-ordered mental health services, orders renewing or modifying such orders, and orders for administration of medication to patients under court order for mental health services); Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (authorizing appeal of certain interlocutory orders). There is no such authorization here.

Instead, in Chapter 841 of the Texas Health and Safety Code, the Legislature authorized an appeal of a factfinder's determination after a trial of whether, beyond a

7

reasonable doubt, a person is a sexually violent predator. Tex. Health & Safety Code Ann. § 841.062(a); *see In re Commitment of Richards*, 395 S.W.3d 905, 908 (Tex. App.— Beaumont 2013, pet. denied). The Legislature did not, however, specifically authorize an appeal from a trial court's preponderance-of-the-evidence determination in a biennial review. *See Richards*, 395 S.W.3d at 908.

Further, our sister courts addressing appeals of orders under Chapter 841 have generally determined that—with the exception of initial commitment orders—such orders are interlocutory and not appealable. *See In re Commitment of Welsh*, 661 S.W.3d 861, 867 (Tex. App.—Beaumont 2022, pet. denied) (discussing that "orders resulting from biennial review hearings are not appealable"); *In re Commitment of Dunsmore*, No. 01-21-00151-CV, 2022 WL 904441, at *1 (Tex. App.—Houston [1st Dist.] Mar. 29, 2022, no pet.) (stating that orders resulting from biennial review hearings "are not ones for which an interlocutory appeal is statutorily authorized, either by Chapter 841 or by Section 51.014"); *In re Commitment of Black*, 594 S.W.3d 590, 593 (Tex. App.—San Antonio 2019, no pet.) (holding that "trial court's order finding no probable cause in the context of a Chapter 841 biennial review is not appealable"); *In re Graves*, No. 09-17-00287-CV, 2017 WL 4319886, at *1 (Tex. App.—Beaumont Sept. 28, 2017, no pet.) (mem. op.) (holding that "a biennial[-]review order continuing a person's civil commitment is not an appealable order"); *Richards*, 395 S.W.3d at 909– 10 (holding that trial court's determination in biennial review finding no probable cause is not appealable); *see also In re Commitment of Adams*, 408 S.W.3d 906, 909 (Tex.

8

App.—Beaumont 2013, no pet.) (dismissing appeal of Chapter 841 modification order as interlocutory and not appealable); *In re Commitment of Cortez*, 405 S.W.3d 929, 932, 936 (Tex. App.—Beaumont 2013, no pet.) (dismissing appeal of Chapter 841 modification order because statute does not provide for appeal, order contains no finality language, and further holding that appellant had not shown himself entitled to mandamus relief). We find their reasoning persuasive and hold that that a trial court's order in the context of a Chapter 841 biennial review is not appealable.[5] Accordingly, we lack appellate jurisdiction to review the trial court's order concluding Eddings's 2025 biennial review.

## V. PETITION FOR WRIT OF MANDAMUS

In his response to our jurisdiction inquiry, Eddings requested that we treat his appeal as a petition for writ of mandamus if we determined that the trial court's biennial-review order is not directly appealable.

In certain circumstances, we may exercise our mandamus jurisdiction when an appellant specifically requests that we treat his attempted appeal as a petition for writ of mandamus. *See CMH Homes*, 340 S.W.3d at 452 (construing impermissible

---

[5]With respect to any due process concerns, in light of the other statutory avenue that Eddings could use to obtain a trial on the merits—whether his behavioral abnormality has changed to the extent that he is no longer likely to engage in a predatory act of sexual violence—the trial court does not have unfettered discretion to continue his commitment. *See* Tex. Health & Safety Code Ann. §§ 841.121–.123.

interlocutory appeal as mandamus proceeding upon appellant's request and remanding to court of appeals for consideration as such).

Here, in the interest of judicial economy and to the extent that mandamus relief may be an appropriate remedy, we will consider the documents filed in this attempted restricted appeal as a petition for writ of mandamus. *See Rylander v. Archer Sys. LLC*, No. 01-25-00185-CV, 2025 WL 1460733, at *2 (Tex. App.—Houston [1st Dist.] May 22, 2025, orig. proceeding) (per curiam) (mem. op.) (dismissing appeal for want of jurisdiction and considering appeal as a petition for writ of mandamus at appellant's request). Treating this appeal as a mandamus proceeding, the court has considered Eddings's petition for writ of mandamus and is of the opinion that relief should be denied.

## VI. CONCLUSION

Because the trial court's August 2025 biennial-review order from which Eddings attempts a restricted appeal is neither a final judgment nor an appealable interlocutory order, we lack appellate jurisdiction over it. Treating the attempted restricted appeal as a petition for writ of mandamus, as requested by Eddings, we deny his petition. *See* Tex. R. App. P. 52.8(a), (d).

/s/ Brian Walker

Brian Walker
Justice

Delivered: December 11, 2025

10